**David T. LATIMER, Plaintiff,**

v.

**TRANSWORLD SYSTEMS, INC., Defendant.**

No. 93–CV–72154.

United States District Court, E.D. Michigan, S.D.

Nov. 12, 1993.

Robert Yonkers, UAW–Ford Legal Services Plan, Shelby Tp., MI, for plaintiff.

James M. Alexander, Foster, Swift, Collins & Smith, Farmington Hills, MI, for defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

This case concerns two collection letters, dated August 5, 1992 and August 19, 1992, that defendant collection agency sent to plaintiff, David T. Latimer. The debt itself is not at issue here. Instead, plaintiff contends that the collection letters themselves violate the Fair Debt Collection Act, 15 U.S.C.A. §§ 1692–1692o (1988). In particular, plaintiff claims that the letters fail to meet (1) section 1692g's thirty-day right-to-validation notice requirement and (2) section 1692e(11)'s requirement of mandatory disclosure. Plaintiff does not quarrel with the actual language that these letters employ. He argues that both the mandatory language and the validation requirement are "overshadowed" by other language in the letters.

1. *Plaintiff's Section 1692g(a) Claim*

Section 1692g(a)(3) requires debt collectors to inform consumers "that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." Section 1692g(a)(4) requires that consumers be notified of their right to obtain verification of the debt. Understandably, courts have held that

to be effective, "the notice must not be overshadowed or contradicted by other messages or notices...." *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir.1988). In deciding whether the communication effectively conveys to debtors the right to verification of a debt, courts evaluate the notice provision through the eyes of the "least sophisticated consumer." *Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1028 (6th Cir.1992); *see also Swanson,* 869 F.2d at 1225.[1]

■ Plaintiff claims that the verification language is overshadowed by both the text of the August 5 letter itself and the "Detach and Return With Payment" command. The required verification notice in the August 5 letter certainly is smaller than both the text of the letter and the "Detach and Return with Payment" command. Nevertheless, this small size is mitigated by the fact that much of the larger text actually reinforces the required verification language. This leads me to conclude that the August 5 letter, when considered alone, meets the requirements of section 1692g. *See Anthes v. Transworld Systems, Inc.,* 765 F.Supp. 162 (D.Del.1991) (finding that the same computer-generated form letter meets the statutory requirement).

That the August 5 letter standing alone meets the statutory requirements does not end my inquiry. Plaintiff also argues that the required validation notice (on the August 5 letter) is overshadowed by language contained in the August 19 letter. In particular, plaintiff complains of the following August 19 sentences: "Imperative—grace period about to expire. Our client shows an unpaid account in the above stated amount legally due and owing to you."

I am also unconvinced by this argument. Plaintiff correctly claims that the "overshadowing" can be caused by a series of letters. *See, e.g., Anthes,* 765 F.Supp. at 170–71 (a subsequent letter directly contradicting the verification notice violates the statute). But, like the court in *Anthes,* I do not find that this August 19 language stands in threatening contradiction or overshadows the validation notice. *Id.* at 170.

### 2. *Plaintiff's Section 1692e(11) Claim*

■ Section 1692e(11) requires a warning "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." Plaintiff claims that this mandatory language is obscured in both of the letters. Again, I find no merit in plaintiff's argument. The text is small, but it is clear and readable. I also find nothing in either letter contradicting the mandatory warning language.

### 3. *Attorney's Fees and Costs*

■ Section 1692k(a)(3) permits me to award attorney's fees and costs upon a finding that plaintiff brought this action in bad faith or for the purpose of harassment. I do not find those elements here.

For the foregoing reasons, IT IS ORDERED that defendant's motion for summary judgment is GRANTED, plaintiff's cross-motion for summary judgment is hereby DENIED, and defendant's motion for attorney's fees and costs is hereby DENIED.

---

1. Defendant argues at great length that the plaintiff is well-educated and therefore is more sophisticated than the least sophisticated consumer. This is irrelevant. Plaintiff's sophistication is not the test.