Joseph YOUNG, individually and on behalf of all others similarly situated, Plaintiff,

v.

MEYER & NJUS, P.A., a Minnesota Professional Corporation, Defendant.

No. 96 C 4809.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 23, 1997.

James S. Shedden, David J. Philipps, Catherine Lee Gemrich, Michael S. Hilicki, Beeler, Schad & Diamond, P.C., Chicago, IL, for Plaintiff.

Daniel Francis Konicek, Connelly, Mustes, Palmer & Schroeder, Geneva, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Joseph Young, filed suit against the defendant law firm, Meyer & Njus, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* Meyer & Njus contacted Mr. Young in an effort to collect on a debt he owed to Retailer's National Bank (RNB). Mr. Young claims that some of the language of the letter sent to him by Meyer & Njus overshadows and contradicts the required validation notice thereby violating of Section 1692g. Meyer & Njus have moved to dismiss this alleged violation under Fed. R.Civ.P. 12(b)(6).[1]

Section 1692g(a) requires that all letters seeking to collect a debt contain a validation notice. This notice should inform a debtor that she has thirty days to dispute the validity of the debt, either in part or in whole. If the debt is undisputed, the collector may assume the debt is valid and proceed to collect it. *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996). Furthermore, this requirement is not satisfied by the simple inclusion of the validation language in a collection letter; the validation notice "must be conveyed effectively to the debtor." *Swanson v. Southern Or. Credit Serv.,* 869 F.2d 1222, 1225 (9th Cir.1988). To effectively convey the validation notice, the letter cannot contain other language which contradicts or

1. Mr. Young did not allege each violation of Section 1692 as separate counts in his complaint. Instead, he combined them all into one cause of action. Nevertheless, his allegations with re- spect to Section 1692(g) could have been brought as a separate count, and, as such, I may consider Meyer & Njus' motion to dismiss with respect to these allegations only.

overshadows the notice causing the debtor to be confused about her rights. *See Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir.1991). The validation notice also must be visible and not obscured by typeface, color, size or other typographical devices. *See Swanson*, 869 F.2d at 1225.

In conducting this analysis, the Seventh Circuit has instructed this Court to apply the "unsophisticated consumer" standard. *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir.1994). This standard is designed to protect "the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness. The reasonableness element in turn shields complying debt collector from liability for unrealistic or peculiar interpretations of collection letters." *Id.* Although this standard is relatively low, the reasonableness element means that the Court need not consider the debtor to be a fool or an idiot. *See Vaughn v. CSC Credit Servs.*, No. 93 C 4151, 1995 WL 51402, at *2–3 (N.D.Ill. Feb. 3, 1995).

Turning to the letter in this case, Mr. Young argues that two sentences overshadow and contradict the validation notice. The relevant part of the letter states: "We [Meyer & Njus] have been retained by RNB to commence legal action against you to collect the balance due on the accounts reference above." The letter then provides the validation notice which is written in the same size typeface as the previous sentence. In the next paragraph, the letter states that "[r]emittance in full to us by return mail will close our file." Mr. Young contends that the reference to legal action combined with the request for payment by return mail implied that immediate payment was necessary to prevent the filing of a lawsuit.

Mr. Young's interpretation of this is a peculiar one which runs afoul of the reasonableness element. Meyer & Njus' reference to legal action merely explains their role in this process and their reason for contacting Mr. Young. Furthermore, the letter's request for payment by "return mail" in no way contradicts or overshadows Mr. Young's rights under the FDCPA which were explained in the prior paragraph. It simply asks for payment to be sent by mail and

contains no time period for doing so. *See Latimer v. Transworld Sys. Inc.*, 842 F.Supp. 274, 275 (E.D.Mich.1993).

Meyer & Njus' letter contains none of the elements found to be offensive in other cases. The validation notice is not on the reverse side of the letter or in smaller print. *See Rabideau v. Management Adjustment Bureau*, 805 F.Supp. 1086, 1093 (W.D.N.Y.1992). The request for payment is not in capitals, bold-face or oversized type, or in any other way set off from the validation notice. *See Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991); *Swanson*, 869 F.2d at 1225. The letter does not demand payment "immediately," "now," or "today." *See Miller*, 943 F.2d at 484; *Adams v. Law Offices of Stuckert & Yates*, 926 F.Supp. 521, 525, 527 (E.D.Pa.1996). It does not warn Mr. Young of any adverse consequences if he fails to pay the debt within ten days or some other period of time shorter than the thirty days allowed. *See Avila*, 84 F.3d at 226; *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2nd Cir.1996). In short, the letter explains its purpose, informs Mr. Young of his validation rights, and provides instructions for payment. Nothing in the letter amounts to a violation of Section 1692g(a) of the FDCPA, and therefore Mr. Young has failed to state a claim under this section of the statute.