Helene ORLOWSKI, Melba J. Koch, Margaret Mrozowski, Carol Ann Schmall, Alma L. Aguirre, Roann D. Keaty, Georgine Arvanites, Janet M. Tripp, and Maureen Gleixner, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

**DOMINICK'S FINER FOODS, INC., Defendant.**

No. 95 C 1666.

United States District Court, N.D. Illinois, Eastern Division.

April 9, 1997.

Paul L. Strauss, Jeffrey Irvine Cummings, Miner Barnhill & Galland, Chicago, IL, Brian R. Holman, Jeffrey Mark Friedman, Friedman & Holman, Chicago, IL, for Plaintiffs.

John P. Lynch, Mark Steven Mester, Sylvia A. Stein, Latham & Watkins, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiffs, present and former female and Hispanic employees of Dominick's Finer Foods, Inc. ("Dominick's"), brought this action pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., alleging employment discrimination by Dominick's. The plaintiffs moved for certification of two subclasses consisting of female and Hispanic employees. Magistrate Judge Arlander Keys recommended that I grant certification for female employees under Fed. R.Civ.P. 23(b)(2) and deny it for Hispanic employees. Both sides have filed objections.

### Female Employees

■ The plaintiffs wish to create a subclass of former and current Dominick's female employees against whom they allege Dominick's has discriminated in employment opportunities. (Second Am. Compl. ¶ 2.)

They complain of discriminatory policies and practices, "including but not limited to being denied promotional opportunities such as full-time status, desirable job assignments, training, promotions to management positions, additional hours and desirable shift and department assignments." (Id.) The party seeking class certification bears the burden of establishing that certification is appropriate. Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 596 (7th Cir.1993). Here, the plaintiffs must meet the requirements of Fed.R.Civ.P. 23(a) and 23(b)(2).

### Rule 23(a)

■ Dominick's argues that plaintiffs fail to meet the requirement of commonality.[1] A "common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir.1992). There must be, at least, one "question[ ] of law or fact common to the class." Fed.R.Civ.P. 23(a)(2); Meiresonne v. Marriott Corp., 124 F.R.D. 619, 622 (N.D.Ill.1989).

■ The principal dispute as to whether this requirement is met in this case concerns the nature of the decision-making process for promotions. Plaintiffs represent that this case presents common questions of discrimatory policy and subjective hiring emanating from a centralized personnel decision-making system. Dominick's disagrees. Plaintiffs point to the following testimony given by Dominick's own witnesses: Dominick's stores are divided into four areas, each made up of 20 stores. Area merchandisers,[2] a Director of Area Operations ("DAO"), and a Human Resources ("HR") representative are responsible for each area. (LaMonia Dep. at 11–12.) The area merchandisers, the DAOs, and the HR representatives are located in the Dominick's central offices. (Id. at 12–13, 46.)

The parties apparently agree that Dominick's generally fills positions above the clerk level by promoting from within. (Id. at 56.) There are positions that normally "feed into"

---

1. There is no dispute that the class meets the Rule 23(a)(1) requirement that the class is so numerous that joinder of all members is impracticable. Rule 23(a)(1), Fed.R.Civ.P.

2. The types of merchandisers are grocery/drug, produce/floral, deli/bakery, meat/seafood, and service operations. (Erlemann Dep. at 112.)

the ranks of the department managers. Among others, these positions include the "deli second man" and the "produce second man," whereby the individuals occupying these positions are "learning to be [a deli manager and] a produce manager," respectively. (Erlemann Dep. at 109.) Edwina Erlemann, Dominick's Director of Human Resources, Field Services, since 1993, testified that the "deli second man" is selected by the deli merchandiser, the DAO, and the HR representative. She testified that the "produce second man" is selected by the produce merchandiser, the DAO, and the HR representative. (*Id.* at 109–10.)

The supervisory positions within Dominick's are the department managers—the customer service manager, the head clerk, the produce manager, the meat department manager, the deli manager, and the bakery manager. Ms. Erlemann stated that the grocery merchandiser, the service operations supervisor, the DAO, the HR representative, and the store manager make the hiring decision as to the customer service manager. (*Id.* at 95.) Another Dominick's employee, James LaMonia, Vice President, Labor Relations, testified that the head clerk is selected by the grocery merchandiser, the DAO, the HR representative, and the store manager. (LaMonia Dep. at 66.) He testified that the produce merchandiser, the DAO, the HR representative, and the store manager choose the produce manager. (*Id.*) The meat department merchandiser, the DAO, the HR representative, and the store manager select the meat department manager. (Erlemann Dep. at 101.) Similarly, the deli manager is selected by the deli merchandiser, the DAO,

the HR representative, the store manager, and the current deli manager. (LaMonia Dep. at 65.) Finally, Mr. LaMonia testified that the bakery manager is selected by the perishable merchandiser, the DAO, the HR representative, and the store manager. (LaMonia Dep. at 66.)

Above the supervisory positions are the managerial ones—the assistant store manager, the co-manager, and the store manager. Ms. Erlemann testified that the assistant store manager position is selected by the grocery merchandiser, the DAO, the HR representative, and the store manager. (Erlemann Dep. at 96.) She stated that the co-manager and the store manager positions are filled by the Executive Vice President of Operations, all the DAOs, the Director of Human Resources, Field Services and the Vice President of Human Resources. (*Id.* at 98.)

Despite this testimony, Dominick's has submitted declarations of its store managers and depositions and declarations of among others, Melvin McCall[3] and Charles Brazik,[4] in support of its argument that store managers and their delegatees make employment decisions at the defendant's stores, rendering the personnel process highly decentralized. Dominick's says that while its decision-making structure was, until 1990, highly centralized, it has since been decentralized.

When Dominick's evidence is put together with the evidence from Dominick's Rule 30(b)(6) witnesses, described above, it is apparent that the extent to which promotional decisions are currently centralized is disputed.[5] To resolve this dispute would be to address the merits, which is inappropriate at

---

**3.** Mr. McCall was Dominick's Senior Vice President for Human Resources from January 1987 to June 1991.

**4.** Mr. Brazik was Dominick's Senior Vice President for Human Resources from July 1991 to March 1995.

**5.** Ms. Erlemann became Dominick's Director of Human Resources, Field Services in 1993. (Erlemann Decl. ¶ 12.) Mr. LaMonia became Dominick's Vice President, Labor Relations in 1988. (LaMonia Dep. at 9.) In May 1996, Dominick's tendered Ms. Erlemann and Mr. LaMonia as Fed.R.Civ.P. 30(b)(6) deponents regarding Dominick's personnel practices. With regard to the

personnel decisions described above, Dominick's has not argued that Ms. Erlemann's and Mr. LaMonia's testimony pertain to the defendant's pre–1990 practices.

I have considered the declarations and points addressed in Dominick's motion to supplement the record, received when this opinion was in draft stage. While they lend support to Dominick's position, they do not alter my conclusion that plaintiffs have met the requirements for certification of a subclass of female employees at this stage of the litigation. Any class is subject to possible decertification at a later time as well as to further refinement if the record as developed shows that the class as originally defined is too broad.

this juncture. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974) (court has no authority to examine merits while deciding class certification); *Meiresonne,* 124 F.R.D. at 622 (defendant's challenges to accuracy of plaintiff's characterization of centralized decision-making process inappropriate because "clearly merits-oriented").

■ The third requirement for class certification is typicality, whereby "the claims . . . of the representative parties are typical of the claims . . . of the class." Fed.R.Civ.P. 23(a)(3). A claim is typical if it arises from the same event, practice, or course of conduct that gives rise to the claims of other class members, and if it is based on the same legal theory. *Rosario,* 963 F.2d at 1018. "The commonality and typicality requirements of Rule 23(a) tend to merge." *General Tel. Co. v. Falcon,* 457 U.S. 147, 158 n. 13, 102 S.Ct. 2364, 2371 n. 13, 72 L.Ed.2d 740 (1982).

■ Dominick's argues that the discrimination claims of each class member will necessarily depend upon her individual qualifications and upon decisions made about her employment by different Dominick's personnel. However, typicality is not defeated by factual distinctions between the claims of the named plaintiffs and those of other class members; the representative and the class members need not have suffered "precisely the same injury." *De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983). In addition, typicality turns on the defendant's actions toward the plaintiff class, not particularized defenses against individual class members. *Wagner v. NutraSweet Co.,* 95 F.3d 527, 534 (7th Cir.1996).

■ The fourth and final requirement is that "the representative parties . . . fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). Adequacy of representation requires first, "the adequacy of the named plaintiff's counsel," *Retired Chicago Police Ass'n,* 7 F.3d at 598, and second, the absence of "antagonistic or conflicting interests" among the class members. *Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 697 (7th Cir.1986). Dominick's does not dispute the first part of this requirement. Dominick's argues, however, that the named plaintiffs' interests conflict with those of the class members because all competed for a scarce number of promotion opportunities. Judge Shadur rejected this precise argument in *Meiresonne,* noting that, were he to accept it, "almost every class action charging discrimination in promotion" would be "doomed." 124 F.R.D. at 625. I agree with Judge Shadur.

I conclude that plaintiffs have met the requirements for certification of a subclass of female employees under Rule 23(a), Fed. R.Civ.P.

### *Rule 23(b)(2)*

In addition to Rule 23(a), plaintiffs must meet the requirements of one of the subsections of Rule 23(b). Plaintiffs ask that the class be certified under Rule 23(b)(2). Fed. R.Civ.P. 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Judge Keys concluded that the plaintiffs meet this requirement because they allege the requisite generalized conduct, Dominick's subjective centralized decision-making process which resulted in discrimination against women, and ask for injunctive and declaratory relief.

■ Dominick's objects because, in addition to injunctive and declaratory relief, the plaintiffs also seek monetary damages. Rule 23(b)(2) does not preclude monetary recovery when it is "either part of the equitable relief granted or is secondary or ancillary to the predominant injunctive or declaratory relief sought." *Edmondson v. Simon,* 86 F.R.D. 375, 383 (N.D.Ill.1980). The cases upon which Dominick's relies, especially *Celestine v. Citgo Petroleum Corp.,* 165 F.R.D. 463, 468–69 (W.D.La.1995), are inapposite because there, the court concluded that monetary damages were the principal relief sought, which is not the case here. Moreover, if the plaintiffs satisfy Rule 23(a) and request injunctive and declaratory relief, "[d]isputes over whether the action is pri-

marily for injunctive or declaratory relief rather than a monetary award....should be avoided" and certification under 23(b)(2) should be granted. 7A Charles A. Wright et al., Federal Practice and Procedure § 1775, at 470 (2d ed.1986).

Dominick's also argues that the class action is "unmanageable." Judge Keys proposed that the trial proceed in two phases, the first determining class-wide liability and punitive damages. The second, if liability were found in the first phase, would be devoted to compensatory relief. This approach has been employed in similar settings. *Butler v. Home Depot, Inc.*, No. C–94–4335 SI., 1996 WL 421436, at *4–5 (N.D.Cal. Jan. 25, 1996).

Dominick's argues that *In re Rhone–Poulenc Rorer Inc.*, 51 F.3d 1293 (7th Cir.1995), precludes certification of the subclass of Dominick's female employees. The court's concern in *Rhone–Poulenc Rorer Inc.* was that a jury in the second phase of the trial would revisit the issues decided by a jury in the first phase. *Id.* at 1302–04. The issue raised by Dominick's was addressed in *EEOC v. McDonnell Douglas Corp.*, No. 4:95 CV 0414 SNL., 1996 WL 767420 (E.D.Mo. Nov. 14, 1996). As the court concluded there, although some of the same evidence may be introduced in the two stages of trial, the issues to be decided are not the same. The first trial will decide whether Dominick's has an employment policy of unlawful discrimination. If the conclusion is that it does, that issue will not be relitigated in a damages trial in which the issue will be whether individual plaintiffs are entitled to relief. *Id.* at *3. *See International Bhd. of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).

Since plaintiffs have met the requirements under Rule 23(b)(2), Fed.R.Civ.P., I will certify a subclass of present and former female Dominick's employees.

### Hispanic Employees

Judge Keys recommended denial of class certification of a subclass of Hispanic employees on the basis that the named female Hispanic plaintiff is not an adequate class representative. Fed.R.Civ.P. 23(a)(4). The plaintiffs object.

The plaintiffs have the burden of showing adequacy of representation. *United Indep. Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1274, 1284 (7th Cir. 1985). "In order for a party to represent a class, h[er] interests must be wholly compatible with and not antagonistic to those whom [s]he would represent." *Edmondson*, 86 F.R.D. at 382. Alma L. Aguirre is the only named Hispanic plaintiff. The potential class members are Hispanic men and women. Ms. Aguirre is also a representative and a member of the female employee subclass. In a gender discrimination suit, where a minority woman holds interests in conflict with those of minority men, she cannot represent the minority class composed of both. *Payne v. Travenol Lab., Inc.*, 673 F.2d 798, 810–811 (5th Cir.1982). Here, there is indication that proof of gender discrimination will involve evidence of Dominick's more favorable treatment of Hispanic men than Hispanic women. (Orlowski Dep. at 309.) Thus, Ms. Aguirre holds interests in conflict with those of Hispanic men, and cannot adequately represent the Hispanic subclass.

### Conclusion

For the reasons stated above, I grant the plaintiffs' certification motion, in part, and deny it, in part. I will certify the subclass of female employees pursuant to Fed. R. Civ.P. 23(b)(2). I will not certify the subclass of Hispanic employees.