Joseph YOUNG, individually and on behalf of all others similarly situated, Plaintiff,

v.

MEYER & NJUS, P.A., a Minnesota Professional Corporation, Defendant.

No. 96 C 4809.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 25, 1998.

James S. Shedden, David J. Phillips, Catherine Lee Gemrich, Michael S. Hilicki, Beeler, Schad & Diamond, P.C., Chicago, IL, for plaintiff.

Daniel Francis Konicek, Connelly & Schroeder, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On March 14, 1997, Joseph Young filed a three count First Amended Complaint against the defendant law firm, Meyer & Njus, P.A. ("Meyer & Njus"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The parties stipulated to class certification. I dismissed part of Count II and Count III for failure to state a claim.[1] Meyer & Njus now moves to decertify the class. Mr. Young requests reconsideration of the dismissal of Count III. For the reasons set forth below, Meyer & Njus' motion to decertify is denied.

---

1. Count III was the only claim in the original complaint. I dismissed the original complaint for failure to state a claim. Nevertheless, Mr. Young included the dismissed claim as Count III in his First Amended Complaint.

Mr. Young's motion for reconsideration is denied.

### Background

Retailers National Bank ("RNB") is a banking corporation that is a subsidiary of Dayton–Hudson Corporation ("DHC"). DHC owns and operates Marshall Fields and Target stores in Illinois. All of DHC's consumer credit card accounts, including those of Mr. Young, were transferred to RNB effective January 7, 1994. RNB is the holder and owner of Mr. Young's and other consumers' credit card accounts with Marshall Fields and Target. RNB retained Meyer & Njus to collect consumer credit card accounts pursuant to a written fee agreement.

On December 11, 1995, Meyer & Njus sent an initial debt collection letter to Mr. Young on behalf of RNB. Paige Wildenberg, an attorney with Meyer & Njus, signed the letter. On February 13, 1996, Meyer & Njus, on behalf of RNB, filed a lawsuit against Mr. Young in the Circuit Court of Cook County. The one page complaint included a verification clause that was signed by Ms. Wildenberg. On May 3, 1996, the court entered a default judgment against Mr. Young and in favor of RNB.

Mr. Young commenced this action on August 5, 1996. In Count I of the First Amended Complaint, Mr. Young alleges that Meyer & Njus' debt collection letter was not from an attorney in any meaningful sense, thereby violating §§ 1692e(3) and (9) of the FDCPA. Count II alleges that verification of the complaint by an attorney from Meyer & Njus, who did not have personal knowledge of the facts, violates both §§ 1692e and 1692f of the FDCPA. Count III alleges a § 1692g violation in that the validation notice in Meyer & Njus' debt collection letter was overshadowed by the threat of suit if Mr. Young did not pay the debt in full by "return mail."

### Class De–Certification

The parties to this case stipulated that a class and subclass should be certified pursuant to Federal Rule of Civil Procedure 23(b)(2). The class and subclass are:

All persons in the State of Illinois from whom Meyer & Njus attempted to collect debts from one year prior to the date of the original complaint, i.e., from August 5, 1995 to August 5, 1996 via the same form letter received by Plaintiff, with a subclass of those individuals who were then sued by Meyer & Njus via a complaint which was allegedly verified by Meyer & Njus.

Implicit in this stipulation is the acknowledgment that all the prerequisites of Rule 23 class certification have been met. I granted the motion for class certification on June 16, 1997.

Meyer & Njus now moves to decertify pursuant to Rule 23(c)(1) on the grounds that class stipulation is inappropriate after *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997), and that the class certified is not a proper class under Rule 23(b)(2). *Amchem*, however, does not stand for the proposition that a court cannot accept the parties' stipulation that the requirements for class certification have been met. Rather, the Supreme Court held that the district court could not certify a settlement class action by substituting Rule 23's certification criteria for different criteria—that if a settlement is fair, then certification is proper. *Amchem*, 117 S.Ct. at 2249. Nevertheless, I will review the Rule 23 requirements to determine whether the class should be decertified for failure to satisfy the four requirements of Rule 23(a) and one of the requirements of Rule 23(b). *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir.1993).

### A. Rule 23(a)

The four prerequisites for a class action under Rule 23(a) are:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). All requirements have been satisfied.

The numerosity requirement is met because Meyer & Njus has sent over 5,000

debt collection letters similar to the one sent to Mr. Young during the class period. Meyer & Njus also filed verified complaints against more than 100 persons. Joinder of all those persons would be impractical.

To satisfy the Rule 23(a) commonality requirement, Mr. Young needs only demonstrate that at least one question of law or fact is common to all class members. *Spencer v. Central States, Southeast & Southwest Areas Pension Fund,* 778 F.Supp. 985, 989 n. 2 (N.D.Ill.1991). Although I dismissed one count and part of another, there are common questions of law or fact remaining in this case. These include whether the form letter was not from an attorney in any meaningful sense and whether the verification of the form complaint by an attorney from Meyer & Njus violated the FDCPA.

The class representative's claim is typical "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely–Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir.1983) (quoting H. Newberg, *Class Actions* § 1115(b), at 185 (1977)). Here, each claim arises from the receipt of a collection letter similar to the one Mr. Young received that allegedly violates the FDCPA. The subclass' additional claim arises from the filing of the form complaint, verified by a Meyer & Njus attorney, similar to the one filed against Mr. Young. Typicality is therefore established.

The class representative must also be able to adequately represent the class.
> The adequacy of representation requirement has three elements: (1) the chosen class representative cannot have antagonistic or conflicting claims with other members of the class, ... (2) the named representative must have sufficient interest in the outcome to ensure vigorous advocacy, ... and, (3) counsel for the named plaintiff must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously.

*Gammon v. GC Servs. Ltd. Partnership,* 162 F.R.D. 313, 317 (N.D.Ill.1995) (citations and quotations omitted). All of these elements have been met. Mr. Young does not have any interests antagonistic to the other class members. He received the same form collection letter as other members of the class and was sued pursuant to the same verified form complaint like members of the subclass. He has sufficient interest in this case because he stands to recover statutory damages. Finally, class counsel has experience in litigating FDCPA class actions and has conducted the case competently since it was instigated.

### B. Rule 23(b)(2)

Meyer & Njus contend that as a matter of law an FDCPA action cannot be certified as a Rule 23(b)(2) class action. Although other districts have disallowed FDCPA class actions under Rule 23(b)(2), *see, e.g., Goldberg v. Winston & Morrone, P.C.,* No. 95 Civ. 9282(LAK), 1997 WL 139526, at *3–4 (S.D.N.Y. Mar. 26, 1997), judges in this district have certified Rule 23(b)(2) FDCPA class actions where appropriate and have not precluded such actions as a matter of law, *see, e.g., Blum v. Fisher & Fisher,* No. 96 C 2194, 1997 WL 433630, at *1 (N.D.Ill. July 29, 1997) (Moran, J.); *Gammon,* 162 F.R.D. at 319–21 (Castillo, J.). Thus, I will examine whether the plaintiffs have sufficiently established that a class action is appropriate under Rule 23(b)(2).

An action may be maintained as a class action under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R.Civ.P. 23(b)(2). "Rule 23(b)(2) does not preclude monetary damages when it is 'either part of the equitable relief granted or is secondary or ancillary to the predominant injunctive or declaratory relief sought.'" *Orlowski v. Dominick's Finer Foods, Inc.,* 172 F.R.D. 370, 375 (N.D.Ill.1997) (quoting *Edmondson v. Simon,* 86 F.R.D. 375, 383 (N.D.Ill.1980)).

Mr. Young alleges that Meyer & Njus sent the form collection letter to all members of the plaintiff class and that Meyer & Njus' attorneys regularly verified the complaints they filed against members of the subclass.

He claims that these standard practices violate the FDCPA. He seeks a declaration that the form collection letter and the process of verification violate the FDCPA and requests statutory damages. The declaratory judgment is an integral part of the relief for the entire class. If Mr. Young prevails on the issue of liability, statutory damages will flow directly from the declaratory judgment and are readily calculable on a class-wide basis. Thus, I find that Mr. Young has sufficiently alleged that Meyer & Njus acted on grounds generally applicable to the class and that nonmonetary relief predominates over the request for damages. *Accord Blum*, 1997 WL 433630, at *1 (allowing certification of hybrid cases under Rule 23(b)(2) where damages will be a "formula calculation"); *Gammon*, 162 F.R.D. at 321 (allowing 23(b)(2) certification where a declaratory judgment is an integral part of the relief requested and damages flow directly from the judgment). A Rule 23(b)(2) class is appropriate.

### Motion for Reconsideration

In Mr. Young's initial complaint (or Count III of the First Amended Complaint), he alleged that Meyer & Njus violated § 1692g of the FDCPA by including in its form letter a threat of suit unless payment was sent "by return mail," which threat overshadowed the 30-day validation period notice. I dismissed the claim on January 23, 1997 for failure to state a claim. *Young v. Meyer & Njus, P.A.*, 953 F.Supp. 238, 240 (N.D.Ill. 1997). Mr. Young requests reconsideration of that decision in light of two subsequent Seventh Circuit opinions: *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516 (7th Cir.1997) and *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997).

Neither *Bartlett* nor *Chauncey* require reversal of my prior decision. *Chauncey* held that a demand for the receipt of payment within thirty days overshadowed or contradicted the thirty-day validation notice. 118 F.3d at 518–19. In this case, the letter instructed Mr. Young to send payment by "return mail" which could not reasonably mean immediate payment or payment within the thirty-day validation period. *Bartlett* stated that any language that leaves the debtor confused about his or her right to dispute the debt, whatever form it may take, violates the FDCPA. 128 F.3d at 500. Meyer & Njus suggests that my decision was contrary to *Bartlett* because I did not make a case specific determination as to whether the form letter was confusing. *See Ozkaya v. Telecheck Services, Inc.*, 982 F.Supp. 578, 584 (N.D.Ill. 1997). I disagree. In my previous decision, I specifically found that the form letter did not confuse the debtor because the letter merely explained Meyer & Njus' reason for contacting the debtor, explained the debtor's right to dispute the debt within thirty days, and then provided instruction for payment. *Young*, 953 F.Supp. at 240.

### Conclusion

For the foregoing reasons, Meyer & Njus' motion for class decertification is denied and Mr. Young's motion for reconsideration is denied.