Elmer R. WOODARD, Jr., by his Guardian Elmer Woodard on behalf of himself and all others similarly situated, Plaintiffs,

v.

ONLINE INFORMATION SERVICES, Defendant.

No. 2:98–CV–70–BO2.

United States District Court, E.D. North Carolina, Northern Division.

Jan. 19, 2000.

Thomas D. Domonoske, Dale W. Pittman, Petersburg, VA, O. Randolph Bragg, Hor-

witz, Horwitz & Associates, LTD, Chicago IL, for Plaintiff.

William A. Blancato, McCall Doughton & Blancato, PLLC, Winston–Salem, NC, for Defendant.

### ORDER

.TERRENCE W. BOYLE, Chief Judge.

This matter is before the Court on Plaintiff's Motion to Certify Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure; Plaintiff's Motion for Partial Summary Judgment; Defendant's Motion to Dismiss; and Plaintiff's Motion to Compel Discovery. For the reasons discussed below, Plaintiffs' Motion to Certify Class Action is GRANTED; Defendant's Motion to Dismiss is DENIED; Plaintiffs' Motion for Partial Summary Judgment is GRANTED; and Plaintiffs' Motion to Compel Discovery is GRANTED.

### BACKGROUND

The underlying controversy involves Defendant's alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Defendant Online Information Services ("OIS") is a debt collector with offices in Greenville, North Carolina. Plaintiff Elmer R. Woodard, Jr. is incompetent, and his son, Elmer Woodard, III, of Blairs, Virginia was appointed to be his guardian by the Clerk of Superior Court of Currituck County, North Carolina on July 11, 1996. This is the second lawsuit filed against Defendant OIS by Mr. Woodard, III, on behalf of this father.

The first lawsuit, filed in this Court in March, 1997, was settled and a Release was executed before the filing of an Answer. That suit claimed violation of the FDCPA as a result of collection letters sent to Plaintiff by OIS in an attempt to collect a payment Plaintiff owed to Albemarle Hospital. Plaintiff argued that Defendant had violated § 1692g of the FDCPA by using language which "overshadowed" the 30–day validation notice required by that section. After the

first case was settled, OIS failed to correct the language in question and continued to send Plaintiff collection letters which, while pertaining to other accounts, contained the same improper language and omissions.

Plaintiff's current complaint, filed on. November 24, 1998, contends that these new collection letters sent by Defendant also violate § 1692g of the FDCPA by "overshadowing" the required 30–day validation notice. Additionally, Plaintiff claims that these new letters violate § 1692e(11) of the FDCPA by failing to specifically state in an initial communication that they are from a debt collector and that any information obtained will be used for collecting the debt.

Defendant admits that these new letters were sent to Plaintiff, and served an Offer of Judgment on February 22, 1999, offering that judgment be taken against it in the amount of $1,000 plus costs, including reasonable attorney's fees. This is the maximum judgment allowable for such a violation absent actual damages, which Plaintiff has not alleged. *See* 15 U.S.C. § 1692k. Defendant also represents that it has used new wording in its letters since October, 1998, and that these remedied letters do not violate the FDCPA.

Plaintiff moved for class certification on April 15, 1999. Defendant responded on June 2, 1999 and filed a Motion to Dismiss on June 9, 1999. Plaintiff filed a Motion to Compel Discovery on September 13, 1999 and moved for partial summary judgment on November 30, 1999. All motions are fully briefed and ripe for ruling.

### ANALYSIS

*1. Plaintiff's Motion for Class Certification*

Granting class status on motion by either party is soundly within the discretion of the district court. *Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177 (4th Cir.1993). The decision to certify a plaintiff class requires a two-step analysis. First, the court examines whether the four prerequisites set forth in Rule 23(a)[1] are met. If so,

---

1. Rule 23(a) provides that "[o]ne or more members of a class may sue or be sued as representa-

tive parties on behalf of all only if (1) the class is so numerous that joinder of all members is im-

the court must then decide whether the controversy in question qualifies under one or more of the three permissible class action categories defined by Rules 23(b)(1) [2], (b)(2) [3] and (b)(3) [4] F.R.C.P. *See Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). The party seeking certification bears the burden of proof. *See Windham v. American Brands, Inc.,* 565 F.2d 59, 65 (4th Cir.1977); *Rodger v. Electronic Data Systems,* 160 F.R.D. 532 (E.D.N.C.1995).

In this case, Defendants concede that the requirements of Rules 23(a)(1) and 23(a)(2), numerosity and commonality, are met. This Court agrees, and finds that the number of potential class members, which both parties agree will likely number over 5,000, is so great that joinder would be manifestly impracticable. Rule 23(a)(1) is therefore satisfied.

▇▇▇▇ Additionally, this Court finds there to be issues of law or fact common to the class members. Rule 23(a)(2) does not require that all factual or legal questions raised in a litigation be common, so long as at least one issue is common to all members. *See Holsey v. Armour & Co.,* 743 F.2d 199, 216–217 (4th Cir.1984), *cert. denied,* 470 U.S. 1028, 105 S.Ct. 1395, 84 L.Ed.2d 784 (1985). Factual differences among the class members' cases do not violate the rule, so long as a common legal theory is shared. *Brown v. Eckerd Drugs, Inc.,* 663 F.2d 1268, 1275 (4th Cir.1981). In the instant case, the existence of common questions of law *and* fact is clear.

At issue is whether Defendant's debt collection letters, which are admittedly form letters, contradict or "overshadow" the FDCPA's required 30–day notice and whether they fail to contain the requisite warning for initial communications that the letter was sent in an effort to collect a debt, and that all information obtained would be used to that end. These issues are shared by all class members, and are well-suited to disposal by class action.

▇▇▇▇ Rule 23(a)(3), commonly referred to as the "typicality" requirement, states that the claims and defenses of the class representative must be typical of the claims of the other class members. Typicality does not mean identicalness. *See Central Wesleyan College v. W.R. Grace & Co.,* 143 F.R.D. 628, 636 (D.S.C.1992), *aff'd.* 6 F.3d 177 (4th Cir. 1993). The class representative may satisfy this requirement by demonstrating that his claims arise from the same practices, and are based on the same theory of law, as the class claims. *Holsey v. Armour & Co., supra* at 217.

▇▇▇ Here, all class members' claims are grounded in an identical practice and legal theory—the mailing of improper debt-collection letters in violation of the FDCPA. Defendant argues that each class member's claim will require a determination of the date on which he received his initial communication, and that this need for individual factual inquiry bars class certification. This line of reasoning is incorrect. The membership of

---

practicable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a).

2. Rule 23(b)(1)(A) provides that, in addition to satisfying the prerequisites of 23(a), class status may be conferred on the party suing or being sued only upon showing that "the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class...." Fed.R.Civ.P. 23(b)(1)(A).

3. Rule 23(b)(2) provides that, in addition to satisfying Rule 23(a), class status may be conferred on the party suing or being sued only if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

4. Rule 23(b)(3) provides that, in addition to satisfying Rule 23(a), class status may be conferred on the party suing or being sued only if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

the class may simply be defined as all consumers receiving initial collection letters from Defendant during the relevant period of time. This is not a case-by-case, fact-intensive determination, but rather a simple exercise in sorting. If Defendant's argument were carried to its logical conclusion, it would preclude all class actions not arising from a single occurrence at a single point in time. Clearly this is not the case.[5]

■ Rule 23(a)(4) states that the named plaintiff must be a fair and adequate representative of the entire class. This rule has been interpreted to include two separate requirements. The first requirement is that the plaintiffs be represented by adequate counsel. *See Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177, 183 (4th Cir.1993). Defendant does not challenge the adequacy of Plaintiff's counsel to represent the proposed class, and this Court's examination of their records indicates that they are experienced litigators with extensive prior exposure to class action suits.

■ The second requirement of Rule 23(a)(4) is that the named plaintiff not have any interests antagonistic to the class. *See Barnett v. W.T. Grant Co.*, 518 F.2d 543, 546 (4th Cir.1975). Defendant contends that Plaintiff is not an adequate class representative because he is legally incompetent, and under the legal guardianship of his son. Defendant argues that the mere fact of Plaintiff's judicially declared incompetence renders him unfit as a class representative. Defendant further argues that Plaintiff's guardian is not empowered to incur the costs of pursuing a class action claim, and can only pursue Plaintiff's individual claim. Defendant claims that the guardian's fiduciary duties to Plaintiff conflict with his duties to the class.

This Court does not agree, and adopts the position that "there is nothing inherent in this status that would preclude fiduciaries or trustees from serving as class representatives on behalf of their own beneficiaries as well as others similarly situated, and many courts have so held." *See Newberg on Class Actions,* § 3.34 (3rd ed.1992). Additionally, it is clear from the affidavits submitted that the costs of pursuing class litigation will not be incurred by Plaintiff. As is commonly the case, these costs are covered under a contingency fee arrangement in which Plaintiff's counsel agrees to advance all costs. Finally, the facts of the controversy reveal no conflict between the guardian's duty to Plaintiff and his duties as the class representative. This is a straightforward case in which the interests of all class members are in close agreement. The requirements of Rule 23(a)(4) are met.

Having met the four requirements of Rule 23(a), Plaintiff must still show that the controversy falls within one of Rule 23(b)'s three permissible class certification categories. Plaintiff's motion relies upon the certification standards of either Rule 23(b)(2) or Rule 23(b)(3), eschewing the third possible avenue of certification. This is understandable, as Rule 23(b)(1) is clearly inapplicable to Plaintiff's complaint. Rule 23(b)(1) requires a showing that "the prosecution of separate actions by ... individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class." No such danger exists in the present controversy.

■ Rule 23(b)(2) allows for class certification where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief to the class as a whole." Defendant's conduct in mailing initial collection notices whose language vio-

---

**5.** This Court notes the large number of cases in which class certification was allowed for FDCPA claims that are nearly identical to the instant case. *See e.g. Keele v. Wexler*, 149 F.3d 589 (7th Cir.1998); *Borcherding–Dittloff v. Transworld Systems, Inc.*, 185 F.R.D. 558, 562 (W.D.Wis. 1999); *Brewer v. Friedman*, 152 F.R.D. 142 (N.D.Ill.1993); *Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. 742, 911 S.W.2d 956 (1995); *D'Alauro v. GC Services Ltd., Partnership,* 168 F.R.D. 451 (E.D.N.Y.1996); *Duran v. Credit Bureau of Yuma, Inc.,* 93 F.R.D. 607 (D.Ariz.1982); *Gammon v. GC Services,* 162 F.R.D. 313 (N.D.Ill. 1995); *Stewart v. Slaughter,* 165 F.R.D. 696 (M.D.Ga.1996); *West v. Costen,* 558 F.Supp. 564, 572–573 (W.D.Va.1983); *Young v. Meyer & Njus, P.A.,* 183 F.R.D. 231, 234–35 (N.D.Ill.1998).

lated the FDCPA is conduct "generally applicable" to the proposed class. Plaintiffs seek declaratory relief and statutory damages under the FDCPA. Although Rule 23(b)(2) generally does not extend to cases in which the appropriate final relief relates primarily to money damages, it can include cases where declaratory relief predominates over monetary relief. In fact, several similar FDCPA cases have been class-certified under Rule 23(b)(2). *See Borcherding–Dittloff v. Transworld Systems, Inc.*, 185 F.R.D. 558, 562 (W.D.Wis.1999); *Young v. Meyer & Njus, P.A.*, 183 F.R.D. 231, 234–35 (N.D.Ill. 1998); *Gammon v. GC Svcs. Ltd. Partnership*, 162 F.R.D. 313, 319–322 (N.D.Ill.1995).

This Court is persuaded that declaratory relief predominates in the current action, for the reasons articulated in *Gammon* and *Borcherding–Dittloff.* The statutory damages available to each class member under the FDCPA are nominal because the Act, which anticipates class certification, provides that the entire award cannot exceed 1% of the Defendant's net worth. 15 U.S.C. § 1692k. Defendant contents that its net worth is under $500,000 and that as many as 101,000 offending letters were mailed to thousands of recipients between November 23, 1997 and November 23, 1998. Thus, it is clear that the value of a declaratory judgment applicable to the entire class would substantially outweigh the monetary award to each class member.

Additionally, Defendant concedes that the letters in question violate the FDCPA, allowing for a readily calculable monetary award once membership of the class is established. Each class member may receive a equal share of the total recovery. There is no opportunity for unique damage issues to arise among class members. Thus, this Court finds that Plaintiff's request for a declaratory judgment predominates over his request for statutory monetary relief.

Having determined that certification is proper under Rule 23(b)(2), this Court need not address whether the instant case meets the standards for certification found in Rule 23(b)(3). Nonetheless, this Court notes that such certification, available when "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy," would be proper.

The commonality requirement of Rule 23(b)(2) is stricter than that of Rule 23(a)(2). The latter asks only that a common issue of law or fact exist. The former requires that these common issues predominate. As discussed above, however, there are no material issues of law or fact that are *not* common to the entire class. The common material issue of fact is simply whether the class member received one of Defendant's initial contact letters, all of which contained the language in question, during the relevant time period. The two common material issues of law are (1) whether the language in these form letters contradicted or overshadowed the FDCPA's required 30–day notice and (2) whether they fail to contain the requisite warning that the letter was sent in an effort to collect a debt, and that all information obtained would be used to that end. No other significant issues exist, other than the simple tallying of who falls within the class and who falls outside.

■ In addition to common questions of law and fact, Rule 23(b)(2) also requires that class certification be superior to other methods for resolving the case. Given the identical issues of law and fact presented, the large number of class members, the small expected award per class member, and the likelihood that class members will not be aware of their rights under the FDCPA, this Court finds that class certification is the best method for resolving the instant case.

Thus, this Court finds that class certification is proper under both Rules 23(b)(2) and 23(b)(3). The relevant class consists of (1) all persons to whom letters in the form of Exhibits A, B and C, attached to the complaint, were sent (ii) in an initial attempt to collect a debt incurred for personal, family, or household purposes, (iii) during the one year period prior to the filing of the complaint in this action, (iv) which were not returned by the United States Postal Service as undelivered.

### 2. Defendant's Motion to Dismiss

Defendant has filed a Motion to Dismiss, arguing that its offer to settle with the Plaintiff for the maximum award allowable under the FDCPA warrants dismissal on the grounds that no case or controversy exists and therefore this Court lacks subject matter jurisdiction. This Court cannot dismiss a potential class action claim based on Defendant's offer to settle the individual claim of the named plaintiff. *See Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 339, 100 S.Ct. 1166, 1174, 63 L.Ed.2d 427 (1980). Furthermore, Defendant's motion is mooted by this Court's decision to grant class certification.

### 3. Plaintiff's Motion for Partial Summary Judgment

Pursuant to Rule 56 F.R.C.P., Plaintiff has moved for partial summary judgment on behalf of himself and the class he now represents. Plaintiff seeks declaratory judgment that Defendant's debt collection letters, included in Plaintiff's exhibits A–C, violate the FDCPA.

▮ Defendant does not object to a finding that the collection letters in question violated 15 U.S.C. § 1692g by containing language which "overshadowed" the required validation provision. This Court so finds, and further finds that any identically worded letters sent to other class members for the collection of other debts similarly violate the FDCPA.

Finally, this Court finds that each identically worded letter sent to Plaintiff or to other class members as the initial written correspondence regarding an account violates 1692e(11) of the FDCPA.

### 4. Plaintiff's Motion to Compel Discovery

Pursuant to Rule 37(a)(2)(B) F.R.C.P., Plaintiff moves this Court to compel Defendant to respond to discovery inquiries regarding its net worth. Defendant objects that the information is irrelevant "unless the case proceeds as a class action," and has indicated its willingness to provide the information in question if class certification is granted. As this Order grants class certifi-

cation, Defendant is directed to provide the information in question within 30 days of its entry.

### CONCLUSION

For the reasons discussed above, Plaintiff has met all of the Rule 23 requirements for class certification, and Plaintiff's Motion for Class Certification is therefore GRANTED. Defendant's Motion to Dismiss is DENIED as MOOT. Plaintiff's Motions for Partial Summary Judgment and to Compel Discovery are GRANTED.

SO ORDERED.