Curtis BARTLETT, Plaintiff–Appellant,

v.

John A. HEIBL and John A. Heibl, Attorney at Law, Defendants–Appellees.

No. 97–1946.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 10, 1997.

Decided Oct. 8, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 1, 1997.

O. Randolph Bragg (argued), Horwitz, Horwitz & Associates, Chicago, IL, Antonio R. Fuller, Janesville, WI, for Plaintiff–Appellant.

Frank Crisafi, John A. Heibl (argued), Madison, WI, for Defendants–Appellees.

Before POSNER, Chief Judge, and MANION and EVANS, Circuit Judges.

POSNER, Chief Judge.

The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692o, provides that within five days after a debt collector first duns a consumer debtor, the collector must send the debtor a written notice containing specified information. The required information includes the amount of the debt, the name of the creditor, and, of particular relevance here, a statement that unless the debtor "disputes the validity of the debt" within thirty days the debt collector will assume that the debt is valid but that if the debtor notifies the collector in writing within thirty days that he is disputing the debt, "the debt collector will obtain verification of the debt [from the creditor] ... and a copy of [the] verification ... will be mailed to the consumer." §§ 1692g(a)(1)–(4). A similar provision requires that the debtor be informed that upon his request the debt collector will give

him the name and address of his original creditor, if the original creditor is different from the current one. § 1692g(a)(5). If the debtor accepts the invitation tendered in the required notice, and requests from the debt collector either verification of the debt or the name and address of the original creditor, the debt collector must "cease collection of the debt ... until the [requested information] is mailed to the consumer." § 1692g(b). These provisions are intended for the case in which the debt collector, being a hireling of the creditor rather than the creditor itself, may lack first-hand knowledge of the debt.

If the statute is violated, the debtor is entitled to obtain from the debt collector, in addition to any actual damages that the debtor can prove, statutory damages not to exceed $1,000 per violation, plus a reasonable attorney's fee. § 1692k(a).

A credit-card company hired lawyer John Heibl, the defendant in this case, to collect a consumer credit-card debt of some $1,700 from Curtis Bartlett, the plaintiff. Heibl sent Bartlett a letter, which Bartlett received but did not read, in which Heibl told him that "if you wish to resolve this matter before legal action is commenced, you must do one of two things within one week of the date of this letter": pay $316 toward the satisfaction of the debt, or get in touch with Micard (the creditor) "and make suitable arrangements for payment. If you do neither, it will be assumed that legal action will be necessary." Under Heibl's signature appears an accurate, virtually a literal, paraphrase of section 1692g(a), advising Bartlett that he has thirty days within which to dispute the debt, in which event Heibl will mail him a verification of it. At the end of the paraphrase Heibl adds: "suit may be commenced at any time before the expiration of this thirty (30) days." A copy of Heibl's letter is appended to this opinion.

█ The letter is said to violate the statute by stating the required information about the debtor's rights in a confusing fashion. Finding nothing confusing about the letter, the district court rendered judgment for the defendant after a bench trial. The plaintiff contends that this finding is clearly erroneous. The defendant disagrees, of

course, but also contends that even if the letter is confusing this is of no moment because Bartlett didn't read it. That would be a telling point if Bartlett were seeking actual damages, for example as a consequence of being misled by the letter into surrendering a legal defense against the credit-card company. He can't have suffered such damages as a result of the statutory violation, because he didn't read the letter. But he is not seeking actual damages. He is seeking only statutory damages, a penalty that does not depend on proof that the recipient of the letter was misled. E.g., *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir.1995); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir.1992); *Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir.1993); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 780–81 (9th Cir.1982). All that is required is proof that the statute was violated, although even then it is within the district court's discretion to decide whether and if so how much to award, up to the $1,000 ceiling. E.g., *Tolentino v. Friedman, supra*, 46 F.3d at 651; *Clomon v. Jackson, supra*, 988 F.2d at 1322.

If reading were an element of the violation, then Bartlett would have to prove that he read the letter. But it is not. The statute, so far as material to this case, requires only that the debt collector "send the consumer a written notice containing" the required information. § 1692g(a). It is unsettled whether "send" implies receipt or just mailing. Compare, e.g., *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir.1992) (receipt), with, e.g., *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir.1995) (mailing). No matter; Bartlett did receive the letter. Sending or receiving a letter doesn't imply that the letter is read; there is no contradiction in saying, "I received your letter but I never read it."

█ Before coming to the central issue, concerning the likelihood of confusion, we must remark the fatuity of Bartlett's naming "John A. Heibl" and "John A. Heibl, Attorney at Law," as separate defendants. If Heibl were being sued for conduct within the scope of his agency or employment as a partner or an associate of a law firm, the firm could be named along with him as a

defendant, because it would be liable jointly with him for that conduct. E.g., *Old Republic Ins. Co. v. Chuhak & Tecson, P.C.*, 84 F.3d 998, 1002 (7th Cir.1996); *Dinco v. Dylex Ltd.*, 111 F.3d 964, 969 (1st Cir.1997); *Entente Mineral Co. v. Parker*, 956 F.2d 524 (5th Cir.1992); *Grotelueschen v. American Family Mutual Ins. Co.*, 171 Wis.2d 437, 492 N.W.2d 131, 136–37 (1992). Apparently he is not being sued in such a capacity; in any event "John A. Heibl, Attorney at Law" is not the name of a firm but merely the name of an individual and the identification of his profession. For the plaintiff to try to split Heibl into an individual and a lawyer and sue both is the equivalent of, in a medical malpractice suit, suing "John Smith" and "Dr. John Smith," or of suing a sole proprietor in both his personal and his business capacity. A sole proprietorship ("John A. Heibl, Attorney at Law") is not a suable entity separate from the sole proprietor. *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 589 N.E.2d 1306, 1308 (1992).

■ The main issue presented by the appeal is whether the district judge committed a clear error in finding that the letter was not confusing. The statute does not say in so many words that the disclosures required by it must be made in a nonconfusing manner. But the courts, our own included, have held, plausibly enough, that it is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude. E.g., *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir.1996); *Terran v. Kaplan*, 109 F.3d 1428, 1431–34 (9th Cir.1997); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34–35 (2d Cir.1996); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir.1991); *Miller v. Payco–General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991).

Most of the cases put it this way: the implied duty to avoid confusing the unsophisticated consumer can be violated by contradicting or "overshadowing" the required notice. E.g., *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir.1997); *United States v. National Financial Services, Inc.*, 98 F.3d 131, 139 (4th Cir.1996); *Russell v. Equifax A.R.S.*, *supra*, 74 F.3d at 34; *Graziano v. Harrison*, *supra*, 950 F.2d at 111. This sounds like two separate tests, one for a statement that is logically inconsistent with the required notice and the other for a statement that while it doesn't actually contradict the required notice obscures it, in much the same way that static or cross-talk can make a telephone communication hard to understand even though the message is not being contradicted in any way. The required notice might be "overshadowed" just because it was in smaller or fainter print than the demand for payment. *United States v. National Financial Services, Inc.*, *supra*, 98 F.3d at 139.

As with many legal formulas that get repeated from case to case without an effort at elaboration, "contradicting or overshadowing" is rather unilluminating—even, though we hesitate to use the word in this context, confusing. The cases that find the statute violated generally involve neither logical inconsistencies (that is, denials of the consumer rights that the dunning letter is required to disclose) nor the kind of literal "overshadowing" involved in a fine-print, or faint-print, or confusing-typeface case. In the typical case, the letter both demands payment within thirty days and explains the consumer's right to demand verification within thirty days. These rights are not inconsistent, but by failing to explain how they fit together the letter confuses. E.g., *id.*; *Chauncey v. JDR Recovery Corp.*, *supra*, 118 F.3d at 518–19; *Avila v. Rubin*, *supra*, 84 F.3d at 226; *Russell v. Equifax A.R.S.*, *supra*, 74 F.3d at 35; *Miller v. Payco–General American Credits, Inc.*, *supra*, 943 F.2d at 484; *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225–26 (9th Cir.1988) (per curiam).

It would be better if the courts just said that the unsophisticated consumer is to be protected against confusion whatever form it takes. A contradiction is just one means of inducing confusion; "overshadowing" is just another; and the most common is a third, the failure to explain an *apparent* though not actual contradiction—as in this case, which is indistinguishable from our recent *Chauncey* decision, as well as from most of the other

cases we have cited. On the one hand, Heibl's letter tells the debtor that if he doesn't pay within a week he's going to be sued. On the other hand, it tells him that he can contest the debt within thirty days. This leaves up in the air what happens if he is sued on the eighth day, say, and disputes the debt on the tenth day. He might well wonder what good it would do him to dispute the debt if he can't stave off a lawsuit. The net effect of the juxtaposition of the one-week and thirty-day crucial periods is to turn the required disclosure into legal gibberish. That's as bad as an outright contradiction.

■ Although the question whether a dunning letter violates the Fair Debt Collection Practices Act does not require evidence that the recipient *was* confused—or even, as we noted earlier, whether he read the letter—the issue of confusion (or, more precisely, of 'confusingness') is for the district judge to decide, subject to light review for clear error. The cases, however, leave no room to doubt that the letter to Bartlett was confusing; nor as an original matter could we doubt that it was confusing—we found it so, and do not like to think of ourselves as your average unsophisticated consumer. So the judgment must be reversed. But we should not stop here. Judges too often tell defendants what the defendants cannot do without indicating what they can do, thus engendering legal uncertainty that foments further litigation. The plaintiff's lawyer takes the extreme, indeed the absurd, position—one that he acknowledged to us at argument, with a certain lawyerly relish, creates an anomaly in the statutory design—that the debt collector cannot in any way, shape, or form allude to his right to bring a lawsuit within thirty days. That enforced silence would be fine if the statute forbade suing so soon. But it does not. The debt collector is perfectly free to sue within thirty days; he just must cease his efforts at collection during the interval between being asked for verification of the debt and mailing the verification to the debtor. 15 U.S.C. § 1692g(b). In effect the plaintiff is arguing that if the debt collector wants to sue within the first thirty days he must do so without advance warning. How this compelled surprise could be thought either required by the statute, however imagi-natively elaborated with the aid of the concept of "overshadowing," or helpful to the statute's intended beneficiaries, eludes us.

■ The plaintiff's argument is in one sense overimaginative, and in another unimaginative—unimaginative in failing to see that it is possible to devise a form of words that will inform the debtor of the risk of his being sued without detracting from the statement of his statutory rights. We here set forth a redaction of Heibl's letter that complies with the statute without forcing the debt collector to conceal his intention of exploiting his right to resort to legal action before the thirty days are up. We are not rewriting the statute; that is not our business. *Jang v. A.M. Miller & Associates,* 122 F.3d 480, 484 (7th Cir.1997). We are simply trying to provide some guidance to how to comply with it. We commend this redaction as a safe harbor for debt collectors who want to avoid liability for the kind of suit that Bartlett has brought and now won. The qualification "for the kind of suit that Bartlett has brought and now won" is important. We are not certifying our letter as proof against challenges based on other provisions of the statute; those provisions are not before us. With that caveat, here is our letter:

Dear Mr. Bartlett:

I have been retained by Micard Services to collect from you the entire balance, which as of September 25, 1995, was $1,656.90, that you owe Micard Services on your MasterCard Account No. 5414701617068749.

If you want to resolve this matter without a lawsuit, you must, within one week of the date of this letter, either pay Micard $316 against the balance that you owe (unless you've paid it since your last statement) or call Micard at 1–800–221–5920 ext. 6130 and work out arrangements for payment with it. If you do neither of these things, I will be entitled to file a lawsuit against you, for the collection of this debt, when the week is over.

Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, I'll as-

sume that it's valid. If you do dispute it—by notifying me in writing to that effect—I will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor (Micard Services), I will furnish you with that information too.

The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

> Sincerely,
> John A. Heibl

We cannot require debt collectors to use "our" form. But of course if they depart from it, they do so at their risk. Debt collectors who want to avoid suits by disgruntled debtors standing on their statutory rights would be well advised to stick close to the form that we have drafted. It will be a safe haven for them, at least in the Seventh Circuit.

The judgment is reversed and the case is remanded with instructions to enter judgment for the plaintiff and compute the statutory damages, costs, and attorneys' fees to which he is entitled.

REVERSED AND REMANDED.

# Appendix: Heibl's Letter to Bartlett

**JOHN A. HEIBL**
ATTORNEY AT LAW
900 JOHN NOLEN DRIVE
SUITE 210
MADISON, WISCONSIN 53713

COURT COMMISSIONER
TELEPHONE (608) 251-1500

FRANK J. CRISAFI
OF COUNSEL

October 4, 1995

Curtis C. Bartlett
11440 Hill Avenue
Edgerton, WI 53534-8700

RE: MasterCard Account No. 5414701617068749

Dear Mr. Bartlett:

I represent MICARD SERVICES. I have been asked to commence such action against you as may be necessary in an attempt to recover the entire balance owed by you because of your failure to make payment when due.

If you wish to resolve this matter before legal action is commenced, you must do one of two things within one week of the date of this letter: (1) Pay $316.00 (unless you have paid that sum since your last statement); or, (2) Contact MICARD SERVICES at 1-800-221-5920 ext. 6130, and make suitable arrangements for payment. If you do neither, it will be assumed that legal action will be necessary. If such action is successful, costs will be added to your balance.

At this time the choice is yours, and I sincerely hope you choose to resolve this matter before legal action is commenced.

Sincerely

John A. Heibl

JAH/dkf

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

THE INFORMATION THAT I HAVE INDICATES THAT, AS OF September 25, 1995, YOU OWE MICARD SERVICES THE SUM OF $1,656.90. UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, I WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO, I WILL OBTAIN VERIFICATION OF THE DEBT, OR A COPY OF ANY JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY ME. UPON YOUR WRITTEN REQUEST WITHIN THE SAME THIRTY (30) DAY PERIOD, I WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. SUIT MAY BE COMMENCED AT ANY TIME BEFORE THE EXPIRATION OF THIS THIRTY (30) DAYS.