### Mary Beth BORCHERDING–DITTLOFF, Plaintiff,

v.

### CORPORATE RECEIVABLES, INC., Defendant.

No. 98–C–0429–C.

United States District Court, W.D. Wisconsin.

April 22, 1999.

Carla O. Andres, Andres Law Office, LLC, Portage WI, for Borcherding–Dittloff, Mary Beth, plaintiff.

J. David Krekeler, Krekeler & Scheffer, S.C., Madison WI, for Corporate Receivables, Inc., defendant.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil action for monetary and declaratory relief brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692o. Plaintiff Mary Beth Borcherding–Dittloff contends that defendant Corporate Receivables, Inc., sent her a collection letter dated January 12, 1998, that violated the act in three ways. The matter is before the court on cross motions for partial summary judgment on the issue of liability. (Jurisdiction exists pursuant to § 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.)

Plaintiff's motion will be granted and defendant's will be denied. Plaintiff is correct that defendant's January 12 letter violated § 1692g because the letter had the effect of "overshadowing" mandatory disclosures included in a letter defendant sent plaintiff several days earlier. Because plaintiff's motion for partial summary judgment on liability may be granted on this one ground, it is unnecessary to address her two other complaints about defendant's January 12 letter.

Plaintiff has submitted proposed findings of fact to which defendant has responded. These submissions reveal the following facts to be undisputed.

## UNDISPUTED FACTS

The principal business of defendant Corporate Receivables, Inc., is the collection of debts on behalf of others. On December 31, 1997, defendant sent plaintiff Mary Beth Borcherding–Dittloff a letter that, among other things, advised plaintiff that her account with Beneficial National Bank, USA, had been given to defendant for

collection; that she had thirty days after receiving the notice in which to dispute the validity of the debt, after which time defendant would assume the debt to be valid; and that upon request defendant would provide her with information about the creditor.

On January 12, 1998, defendant sent plaintiff another letter, which provides in full,

YOU OWE: BENEFICIAL NATIONAL BANK 412.85
ACCOUNT: 588120

### COMPLIANCE NOTICE

PROTECT YOUR CREDIT AS IT COULD BE YOUR MOST VALUABLE ASSET.

TO DATE YOU HAVE IGNORED OUR NOTICE OF COLLECTION AGENCY ASSIGNMENT. SHOULD WE INTERPRET THIS TO MEAN THAT YOU DO NOT INTEND TO PAY VOLUNTARILY? YOUR SILENCE MAY COMPEL U.S. TO SEEK FURTHER REMEDIES.

FOR EACH CHECK THAT IS RETURNED DUE TO NON–SUFFICIENT FUNDS, THERE WILL BE A $15.00 SERVICE CHARGE.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

### OPINION

Under 15 U.S.C. § 1692g, debt collectors are obligated to insure that consumer debtors are given certain information in writing, such as the name of the creditor. In Fair Debt Collection Practices Act jurisprudence, the required disclosures are known as the "validation notice." Of significance to this case, debt collectors must notify consumers that unless they dispute the validity of the debt within thirty days, "the debt will be assumed to be valid;" and that consumers have a right to demand written verification of the debt as well as the name and the address of the original creditor. If a consumer makes such a request, a debt collector is obligated to suspend its collection efforts until it provides the information. *See Bartlett v. Heibl,* 128 F.3d 497, 498–99 (7th Cir.1997) (citing § 1692g(a)(1)–(5)).

The courts are in agreement that even if a debt collector furnishes a proper validation notice, it can still violate § 1692g if it makes additional statements (which can be in the same communication) that undercut, contradict or "overshadow" the notice. *See Johnson v. Revenue Management Corp.,* 169 F.3d 1057, 1059 (7th Cir.1999); *Chauncey v. JDR Recovery Corp.,* 118 F.3d 516, 518 (7th Cir.1997) (citing cases from the Second, Third, Fourth and Ninth Circuits). Holding debt collectors liable for such statements prevents confusion among consumers. *See Bartlett,* 128 F.3d at 500–01 ("A contradiction is just one means of inducing confusion"; "overshadowing is just another"); *see also Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996) (debt collector's letter violated act because consumer would be left "scratching his head").

■ Whether a communication violates § 1692g is determined from the perspective of the unsophisticated consumer. *See Avila,* 84 F.3d at 226. Unsophisticated consumers may be uninformed, naive, trusting and of below average sophistication, although they do not stand on the "the very last rung on the sophistication ladder." *See Gammon v. GC Services Limited Partnership,* 27 F.3d 1254, 1257 (7th Cir.1994). There is an element of objective reasonableness within the standard. *See id.*

■ Primarily, plaintiff contends that she is entitled to summary judgment on liability because defendant's second letter of January 12 caused confusion with respect to the validation notice in its December 31 letter. She argues that the second letter would cause an unsophisticated consumer to believe that she must respond more quickly to defendant's debt collection efforts; the unsophisticated consumer who received both letters would believe that for some reason waiting to respond to first

letter "has inured to the benefit of the collection agency." *See* Pl.'s Br., dkt.· # 10, at 6. (There is no dispute that plaintiff can establish the other two elements of liability: defendant concedes that the underlying debt is a consumer debt and that it is a debt collector subject to the act.)

In support, plaintiff relies on *Tychewicz v. Dobberstein,* No. 96–C–195–S, unpublished slip. op. (W.D.Wis. Aug. 28 1996) (Shabaz, J.), in which the district court awarded summary judgment to the plaintiff on the ground that a validation notice had been overshadowed by another letter sent twenty-six days later. The second letter provided,

> You did not respond to our initial notice concerning this bill. Therefore, you have three days to contact our office to arrange suitable payment. If we do not hear from you within that time, further collection action will follow immediately.

*Id.,* slip op. at 2. The court found that the second letter conveyed a message that the consumer would be the subject of collection proceedings because she had not yet disputed the debt, when in fact the consumer had four more days to bring such a challenge. The court rejected the defendant's contention that a consumer would not be so misled because the second letter did not state that the time to contest the debt had expired: in the defendant's view, only an *express* statement that the thirty days was over could cause uncertainty. The court reasoned that unsophisticated consumers are the persons who would likely become confused by the negative implications one might draw from the second letter. *See id.* at 6–7.

On its face, *Tychewicz* is persuasive. The timing and wording of defendant's second letter convey the same impression: especially prompt action is required on the part of the consumer (faster than the remainder of the thirty days). *Tychewicz* is no less persuasive after examining defendant's attempt to distinguish it. According to defendant, the second letter in *Tychewicz* was flawed solely because it "directly contradicted" the validation notice; the

validation notice set a thirty-day time limit whereas the second letter set a three-day time limit. *See* Def.'s Br., dkt. # 13, at 4. Defendant forgets that the court was equally concerned about the "implications" of the defendant's second letter because "the unsophisticated consumer could be deceived by other than expressly contradicting language." *See Tychewicz,* slip op. at 7; *see also Bartlett,* 128 F.3d at 500 (debt collector might cause consumer confusion by failing to explain "apparent though not actual contradiction").

Also, defendant is wrong that *Marshall–Mosby v. Corporate Receivables, Inc.,* No. 98 C 4430, 1999 WL 59845 (N.D.Ill., Jan.27, 1999), has any bearing on this case. Although *Marshall–Mosby* is similar to the extent that it involved a overshadowing claim involving defendant's standard-form collection letter, the specific charge was that some language in the initial letter (the December 31 letter in this case) overshadowed the validation notice contained in the same letter. Hence, *Marshall–Mosby* is of no help to defendant because it did not involve a second letter.

In sum, I agree with plaintiff that defendant's second letter violated § 1692g. Defendant does not (and cannot) dispute that the timing and language of the second letters in this case and in *Tychewicz* both convey an impression that the consumer had better act quickly. Obviously, defendant meant the second letter to spur plaintiff into action. But surely, the unsophisticated consumer is one that does not keep a running track of dates. Such a consumer would become confused by the second letter because it lacks a statement explaining how the second letter affected the grace period. *Compare Jenkins v. Union Corp.,* 999 F.Supp. 1120, 1133 (N.D.Ill.1998) (second letter sent fourteen days after notice did not overshadow; second letter warned "IMPERATIVE—Grace period about to expire;"); *Severson v. Transworld Systems, Inc.,* No. 93–C–682–S, 1994 WL 779763 at *2 (W.D.Wis. Apr.12, 1994)(Shabaz, J.) (same warning in second letter; same result). Plaintiff's motion for partial summary judgment will be granted.

Two more issues deserve attention. In addition to her main argument, which is a winner, plaintiff presents two additional arguments in support of her motion for summary judgment: that defendant's second letter threatens to take action not intended to be taken in violation of § 1692e(5), and that the second letter contains misleading statements in violation of § 1692e(10). Plaintiff does not make clear whether her three arguments are presented in the alternative or whether she is seeking a finding that defendant violated multiple provisions of the act.

■ Whatever plaintiff's intention, I see no need to take up her additional concerns with defendant's second letter. Establishing that defendant violated the Act in one respect is sufficient to trigger liability under the Act, *see Clomon v. Jackson,* 988 F.2d 1314, 1318 (2nd Cir.1993), thus entitling plaintiff to a maximum of $1,000 in statutory damages. *See White v. Bruck,* 927 F.Supp. 1168, 1169 (W.D.Wis.1996).

In calculating the statutory award, a court considers three criteria: the frequency and persistence of noncompliance, the extent to which noncompliance was intentional and the nature of noncompliance. *See* § 1692k(b)(1). It is apparent that a finding that defendant violated multiple provisions of the act will not affect the determination of plaintiff's statutory damages. A finding that defendant's *one* letter violated the act in many ways sheds no light on whether defendant's conduct was *persistent.*

■ Second, although as a general matter, it could be argued that multiple violations in a single letter are relevant to determining the defendant's intent or the nature of its noncompliance, these arguments are not made in this case. A quick look at plaintiff's two other charges reveals that they are part and parcel of her primary charge of overshadowing. She contends that the second letter falsely threatened to deem her to have waived her validation rights, but it is this same implicit threat that causes the second letter to overshadow the first letter. Next, plaintiff contends that the second letter is misleading because it implies that plaintiff has done something wrong by not responding to the first letter. But plaintiff reveals in her brief that this charge is redundant to her overshadowing charge. In discussing her misleading charge, she refers the reader back to her discussion of overshadowing, explaining that she addressed the issue "in detail" in that previous section. *See* Pl.'s Br. at 11. In sum, after examining plaintiff's two other claims, I conclude that a finding that she is entitled to partial summary judgment on them will have no affect on the final result of this litigation.

Finally, the finding that defendant's January 12 letter violated § 1692g requires that defendant's motion for summary judgment be denied. However, plaintiff also raised a procedural objection to the motion that warrants brief exploration. The Preliminary Pretrial Conference Order set a January 15, 1999, filing deadline for dispositive motions. Although plaintiff filed her motion within the deadline, defendant did not submit its motion until February 3, 1999. It was filed along with defendant's response brief in which it argued that not only should plaintiff's motion be denied but that judgment should be entered in its favor. *See* Def. Br. at 7.

■ In her reply brief, plaintiff argued that defendant was not possibly entitled to summary judgment because its notice was untimely. She is wrong. Had defendant been right on the merits, it would have been appropriate to award defendant summary judgment even though its notice was untimely. When one party moves for summary judgment, a court may enter summary judgment in favor of the other paty if the undisputed facts reveal that the other party is entitled to judgment. *See Mason v. Melendez,* 525 F.Supp. 270, 287 (W.D.Wis.1981); *see also* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure 3d* § 2720 at 347 (1998) (summary judgment may be entered in favor of non-moving party even though no formal cross-motion has been filed).

## ORDER

IT IS ORDERED that the motion for partial summary judgment of plaintiff Mary Beth Borcherding–Dittloff is GRANTED with respect to her claim that defendant Corporate Receivables, Inc. violated 15 U.S.C. § 1692g when it sent plaintiff a communication on January 12, 1998, that overshadowed the validation notice defendant sent on December 31, 1997.

IT IS FURTHER ORDERED that the motion for summary judgment of defendant is DENIED.