Charlotte E. HOGAN Plaintiff,

v.

MKM ACQUISITIONS, LLC, a
New York Limited Liability
Company, Defendant.

No. 01 C 4361.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 17, 2003.

David J. Phillips, Mary Elizabeth Phillips, Gomolinski & Phillips, Ltd., Hickory Hills, IL, for Plaintiff.

Thomas R. Stilp, Joseph Shaw Messer, Messer & Stilp, Chicago, IL, for Defendant.

## OPINION AND ORDER

NORGLE, Senior District Judge.

Before the court is Defendant's motion for summary judgment, brought pursuant to Federal Rule of Civil Procedure 56. For the following reasons Defendant's motion is granted.

### I. BACKGROUND

Plaintiff, Charlotte E. Hogan ("Hogan"), brought this action against Defendant, MKM Acquisition L.L.C. ("MKM"), for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e) ("FDCPA"). Hogan asserts that two let-

ters sent by MKM contained a false, deceptive, or misleading statement.

Hogan originally had an outstanding credit card balance, with First Card Services Visa, in the amount of $910.67. MKM purchased Hogan's outstanding balance from First Card. On June 12, 2000, MKM sent a letter to Hogan informing her that they had purchased her outstanding balance and offered her the opportunity to settle her account for $546.40, a forty percent discount of her original debt.

MKM's letter stated that this offer was valid for only thirty-five days, that they were providing her an opportunity to improve her credit rating, and that MKM would remove their reporting of this account from her credit report if she paid. (*See* Plt.'s Compl. Ex. A.) On January 3, 2001, MKM sent Hogan a second letter regarding her outstanding balance. The second letter was virtually identical to the letter sent on June 12, 2000. (*See* Plt.'s Compl. Ex. B.) MKM never received any payments from Hogan on her outstanding balance.

Hogan filed suit alleging that MKM falsely stated that payment of the debt was an opportunity to improve her credit rating. (Plt.'s Compl. ¶ 8.) Hogan further asserts that the benefit MKM implied she would receive by paying MKM was illusory and therefore a violation of the FDCPA. *Id.*

MKM has filed a motion for summary judgment which is fully briefed and ripe for ruling.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is permissible when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, *see Cornfield v. Consolidated High School District No. 230*, 991 F.2d 1316, 1320 (7th Cir.1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. *See Murphy v. ITT Educational Services, Inc.*, 176 F.3d 934, 936 (7th Cir.1999); *see also Shank v. William R. Hague, Inc.*, 192 F.3d 675, 682 (7th Cir.1999) (stating that a party opposing summary judgment must present "what evidence it has that would convince a trier of fact to accept its version of events.") A defendant is entitled to put the plaintiff to his proofs and demand a showing of the evidence. *See e.g. Navarro v. Fuji Heavy Industries. Ltd.*, 117 F.3d 1027, 1030 (7th Cir.1997). If the plaintiff fails to come up with the required proof, the defendant is entitled to summary judgment. *See id.* It bears repeating that the plaintiff must present evidence, rather than speculation and conclusions without factual support. *See Rand v. CF Industries, Inc.*, 42 F.3d 1139, 1146–47 (7th Cir.1994).

### B. FDCPA

The federal law which deals with collection practices by debt collectors, the FDCPA, provides in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e)

When reviewing documents for compliance with the FDCPA, such as the two letters sent by MKM, the court uses the "unsophisticated debtor" standard. *See Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir.2003) (citing *Marshall–Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000); *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir.1997)). This standard "assumes that the debtor is 'uninformed,

naive, or trusting,' and that statements are not confusing or misleading unless a significant fraction of the population would be similarly mislead." *Id.,* (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc.,* 211 F.3d 1057, 1060 (7th Cir.2000)). The unsophisticated debtor standard also presupposes that an unsophisticated debtor "possesses the rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Pettit,* 211 F.3d at 1060 (additional citations omitted).

■ Hogan asserts that the two letters sent by MKM contained false and misleading statements, in that they claim her credit rating would improve if she paid her debt. Hogan claims that the statement is illusory because Hogan's credit rating would not "improve significantly" by paying her outstanding debt. The letters MKM sent to Hogan did not state that by paying her outstanding debt that her credit rating would "significantly improve." The letters merely stated that this was an opportunity for Hogan to "improve" her credit rating.

MKM has provided in support of their motion for summary judgment an affidavit from Otis McGovern, a supervisor at MKM. (Def.'s Motion for Summ. J. Ex. B). McGovern's affidavit provides information pertaining to MKM's common operating procedures and the status of Hogan's account. MKM never received any payments from Hogan, but McGovern states that if they had received payment of the debt, within 35 days of the date of the letter, they would have removed MKM's report of Hogan's delinquent debt from her credit report, thus improving her credit rating. Even an unsophisticated debtor should realize that the fewer delinquent notices on one's credit report, the better

one's credit rating will be. The court is not convinced that the quantification of the term "improve" is required.

Furthermore, Hogan fails to presents any evidence to dispute MKM's assertions. Hogan merely attacks the evidence that MKM has provided in support of their motion for summary judgment. The plaintiff must present evidence, rather than speculation and conclusions without factual support. *See Rand v. CF Industries, Inc.,* 42 F.3d 1139, 1146–47 (7th Cir.1994). If the plaintiff fails to come up with the required proof, the defendant is entitled to summary judgment. *See e.g. Navarro,* 117 F.3d at 1030 (7th Cir.1997). Hogan has failed to prove that MKM's letter contained a false, deceptive, or misleading statement.

Therefore, based on the unsophisticated debtor standard, and the evidence presented, the court finds that the two letters MKM sent to Hogan are not misleading, deceptive, or false. MKM has not violated FDCPA. Therefore MKM is entitled to summary judgment.

## III. CONCLUSION

Defendant, MKM's, motion for summary judgment, brought pursuant to Federal Rule of Civil Procedure 56 is granted.

IT IS SO ORDERED