# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2020

Lyle W. Cayce
Clerk

No. 19-50301

GREGORY A. WILLIS,

Plaintiff–Appellant Cross-Appellee,

v.

PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,

Defendant–Appellee Cross-Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:17-CV-119

Before WIENER, STEWART, and WILLETT, Circuit Judges.

PER CURIAM:*

Gregory Willis sued Portfolio Recovery Associates ("PRA") for three alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"). The district court granted summary judgment to PRA, and Willis now appeals. As one of Willis's claims is time-barred, and he lacks a private right of action to bring the other two, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

PRA attempted to collect a credit card debt from Willis in April 2014. Willis did not recognize the account number that PRA's collection letter referenced ("Account 1"). He requested validation that PRA owned his debt and received a letter back with an attached credit card statement showing a different account number that he recognized ("Account 2"). After this, Willis began paying off his debt by mailing payments to PRA's legal department. In December 2014, PRA sued Willis in Justice of the Peace Court to collect his debt, which was past due.

While Willis was awaiting trial, the Consumer Financial Protection Bureau (CFPB) issued a consent order against PRA for violations of the FDCPA.[1] Notably, the Consent Order bars PRA from (1) initiating a debt collection lawsuit without specified original documents proving ownership of the debt and information about the debt, and (2) engaging in legal collection activities without providing the debtor specified information about the debt. *See id.* ¶¶ 119-120.

At his bench trial on January 29, 2016, Willis objected that PRA had failed to provide him with any debt documentation for Account 1 prior to the hearing. PRA agreed to voluntarily dismiss the case without prejudice. PRA then sent Willis a letter informing him of his right to obtain documentation of PRA's ownership of his debt. Willis requested it, and PRA sent a cover letter dated March 31, 2016 referencing Account 1 with an attached credit card statement referencing Account 2. Willis maintained that this was insufficient documentation of his debt and disputed PRA's ownership of the Account 1 debt. PRA replied that because it had "already responded to a previous dispute

---

[1] Consent Order ¶ 36, *Portfolio Recovery Assocs, LLC*, 2015-CFPB-0023, Doc. 1 (Sept. 9, 2015) (available http://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf) ("Consent Order").

substantially the same as" Willis's current dispute, it considered his dispute "closed." Several months later, Willis filed a complaint with the CFPB regarding his debt. The CFPB closed the complaint after verifying that PRA owned Willis's debt for Account 1.

Willis filed suit against PRA on March 31, 2017, claiming that PRA had, among other things, violated the FDCPA by (1) lacking validation of his debt prior to his January 2016 trial, (2) failing to provide timely validation of his debt in violation of the Consent Order, and (3) misrepresenting that it intended to prove ownership of his debt if contested.[2]

The magistrate judge recommended that PRA's summary judgment motion be granted on Willis's FDCPA claims because he lacked standing and failed to show actual damages. The magistrate judge also held that Willis's FDCPA claim of invalid debt ownership was time-barred. The district court adopted the magistrate judge's recommendation in part, granting summary judgment based on failure to prove actual damages. Willis now appeals, arguing that PRA still has not provided sufficient proof that it owns his debt in accordance with the Consent Order, which, he avers, creates a genuine issue of material fact that should survive summary judgment.

II

We review de novo a district court's grant of summary judgment, applying the same standard as the district court. *Ford Motor Co. v. Tex. Dep't*

---

[2] Willis also made several claims under the Texas Debt Collection Practices Act ("TDCPA") and Deceptive Trade Practices Act ("DTPA") in both his original and amended complaints. Because he does not adequately raise these claims anywhere in his appellate briefs, even when they are "liberally construed," *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), these matters are considered forfeited on appeal. *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim."); *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are [forfeited].").

No. 19-50301

*of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Willis made three separate FDCPA-centric claims before the district court:

- PRA lacked validation of ownership of his debt;
- PRA violated the Consent Order by failing to timely provide Willis with documentation of debt ownership; and
- PRA violated the Consent Order by misrepresenting that it intended to prove it owned Willis's debt if contested.

The district court erred in ruling that Willis "fail[ed] to plead actual damages . . . ." This reading cannot be squared with the FDCPA's text:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of such failure;(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1000 . . . .

15 U.S.C. § 1692k. Read straightforwardly, the FDCPA does not require proof of actual damages to ground statutory damages. We have never held that it does, and neither have other circuits. *See, e.g.*, *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997) (holding that a plaintiff who was "not seeking actual damages" could still receive "statutory damages" under the FDCPA); *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 781 (9th Cir. 1982) ("There is no indication in the [FDCPA] that award of statutory damages must be based on proof of actual damages.").

Yet this error does not mean that we must reverse. After all, "we can affirm [the district court] on any ground supported by the record." *United States v. Mazkouri*, 945 F.3d 293, 307 (5th Cir. 2019). As explained below, one

4

of Willis's FDCPA claims is time-barred, and he lacks a right to bring the other two.

### A

First, Willis waited too long to claim that PRA violated the FDCPA by lacking validation of debt ownership. FDCPA actions must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "[A]bsent the application of an equitable doctrine, the statute of limitations . . . begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske v. Klemm,* 140 S. Ct. 355, 358 (2019).

Willis's Amended Complaint makes clear that the one-year limitations period for this claim began to run on January 29, 2016, when PRA allegedly failed to provide him with documentation of his debt before his evidentiary hearing. Willis did not file suit until March 31, 2017, more than a year later. We thus affirm the district court's grant of summary judgment on this claim.

### B

Willis's other two FDCPA claims survive limitations[3] but fail because private persons may not bring actions to enforce violations of consent decrees to which they are not a party. *See, e.g., Payne 22, Inc. v. United States*, 762 F.2d 91, 93 (Temp. Emer. Ct. App. 1985) ("[P]laintiffs lack standing as alleged third-party beneficiaries to enforce DOE's consent decrees to their benefit because of the well[-]established prohibition against permitting enforcement

---

[3] Willis's first claim is distinct from his other two FDCPA-related claims, which arise from PRA's subsequent supposed failure to provide sufficient proof of debt ownership in its later letter dated March 31, 2016. Because he filed suit within one year of these alleged violations, Willis's final two claims are not time-barred.

of consent decrees by non-parties." (quoting *Jaymark Corp. v. Phillips Petro. Co.*, C.A. No. 83–592, slip op. at 10 (D.D.C. Dec. 21, 1983))).[4]

Only Congress has the legislative power necessary to craft a private right of action under federal law. U.S. CONST. art. I, § 1. "Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001). This limitation also applies to regulatory rulings like the Consent Order in this case. Thus, we must examine the text of the Consent Order itself to determine whether it "invoke[s]" any federal private right of action that would allow Willis's suit.

It does not. In fact, the Consent Order specifies its own enforcer: the CFPB. "The provisions of this Consent Order will be enforceable by the Bureau." Consent Order ¶ 181, No. 2015-CFPB-0023. Because the Consent Order does not "invoke a private right of action," we affirm the district court's grant of summary judgment against these two claims as well.

\* \* \*

For these reasons, we AFFIRM the district court's judgment.

---

[4] The Consent Order contains language regarding "Related Consumer Action[s]," meaning "private action[s] by or on behalf of one or more consumers" based on facts similar to those that ground the Consent Order. *See* Consent Order ¶ 18. These actions are only referenced in the Consent Order (1) to bar PRA from receiving any offset for damages paid in those separate suits, and (2) to require PRA to notify the CFPB of any judgments that occur. *See id.* ¶¶ 156, 160. They do not refer to a new private right of action created by the Consent Order.