In re Pablo MARTINEZ, Debtor.

Law Offices of David J. Stern, P.A., Appellant,

v.

Pablo Martinez, Appellee.

No. 01CV4252.
Adversary No. 00-01118-BKC-RAM-A.

United States District Court, S.D. Florida.

Dec. 28, 2001.

Andrew David Zaron, Ruden, McClosky, Smith, Schuster & Russell, Fort Lauderdale, FL, for Appellant.

Lawrence Michael Shoot, Miami, FL, for Appellee.

## ORDER

HUCK, District Judge.

### Procedural Background

This is a bankruptcy appeal by Appellant and Defendant below, The Law Offices of David Stern, P.A. ("Stern, P.A.") of a final summary judgment, entered on August 23, 2001 in favor of Appellee and Plaintiff below, Pablo Martinez ("Martinez"). The final judgment is based on the Bankruptcy Court's Memorandum Opinion and Order Granting Plaintiff's Motion For Summary Judgment ("Memorandum Opinion"). This Court has jurisdiction pursuant to 28 U.S.C. § 158.

This appeal arose out of the parties' cross-motions for summary judgment filed in Martinez' Chapter 13 adversary proceeding against Stern, P.A. for its alleged violation of § 1692g of the Fair Debt Collection Practices Act ("FDCPA"). The Bankruptcy Court granted Martinez' motion for summary judgment, awarding him statutory damages and attorney's fees. In summary, Stern, P.A. contends that the Bankruptcy Court erred in determining that Stern, P.A., as debt collector, failed to provide Martinez, as debtor, with effective notice of his consumer rights as required by § 1692g. The Court finds that the Bankruptcy Court did not err and, thus, affirms its judgment.

### Standard of Review

 District courts function as an appellate court in reviewing Bankruptcy Courts' decisions. A Bankruptcy Court's findings of fact will be upheld unless found to be clearly erroneous. *In re Calvert,* 907 F.2d 1069 (11th Cir.1990); *In re Downtown Properties, Ltd.,* 794 F.2d 647 (11th Cir.1986). A Bankruptcy Court's finding of fact is clearly erroneous where, although there is evidence to support the finding, the district court on its review of all the evidence is left with the definite and firm conviction that a mistake has been made. *United States v. U.S. Gypsum,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Conclusions of law made by a Bankruptcy Court are subject to *de novo* review. *In re Calvert, supra.* Federal Rule of Civil Procedure 56 is applicable to bankruptcy cases pursuant to Bankruptcy Rules 7056 and 9014.

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Allen v. Tyson Foods,* 121 F.3d 642, 646 (11th Cir. 1997). An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Allen,* 121 F.3d at 646. On a motion for

summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party, and determine whether that evidence could reasonably sustain a jury verdict. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Allen,* at 646.

While the burden on the movant is great, the opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative is not enough. *Id.; see also Mayfield v. Patterson Pump Co.,* 101 F.3d 1371, 1376 (11th Cir.1996)(conclusory allegations and conjecture cannot be the basis for denying summary judgment).

### *Factual Background* [1]

On June 30, 1992, Martinez, his wife Anna Martinez and Eduardo Martinez executed a mortgage in the amount of $70,791.00 in favor of American Trust Mortgage Corporation. Union Planters Bank, N.A. ("Union Planters"), by virtue of a series of assignments, became the owner and holder of the mortgage. On September 16, 1999, Stern, P.A., as counsel for Union Planters, prepared, filed and caused to be served a foreclosure action against Martinez and the other individuals who executed the mortgage (the "Foreclosure Action"). Stern, P.A. had no prior contact or communication with Martinez and the service of the foreclosure summons, complaint and items contained therewith was the initial communication between the parties ("Initial Communication").

The Initial Communication contained 16 pages of documents. In sequence, the package began with `the summons (two pages), a lis pendens (two pages) and a Complaint to Foreclose Mortgage (three pages). The eighth page of the package was the document which constitutes the focus of this proceeding, entitled Notice Required By The Fair Debt Collection Practice Act (the "FDCPA Notice" or "debt validation notice") (one page), followed by a copy of the note, mortgage and attachments (eight pages). On the first page of the summons, which was the first page of the Initial Communication, was the following statement: "IF YOU DO NOT FILE YOUR RESPONSE ON TIME, YOU MAY LOSE THE CASE, AND YOUR WAGES, MONEY AND PROPERTY MAY THEREAFTER BE TAKEN WITHOUT FURTHER WARNING FROM THE COURT."

The FDCPA Notice (eighth page) consisted of seven numbered paragraphs which contained the statutory language, including the following:

3. The debtor may dispute the validity of this debt or any portion thereof, within 30 days of receipt of this notice. If the debtor fails to dispute the debt within 30 days, the debt will be assumed valid by the creditor.

4. If the debtor notifies the creditor's law firm in writing within 30 days from receipt of this notice that the debt, or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt or a copy of a judgment and a copy of the verification will be mailed to the debtor by the creditor's law firm.

On December 15, 1999, Martinez filed a chapter 13 bankruptcy petition in the Bankruptcy Court and the following day

---

**1.** The material facts are not in dispute and were well detailed by the Bankruptcy Court in its Memorandum Opinion. This factual background, therefore, is taken from that opinion.

filed a Suggestion of Bankruptcy in the Foreclosure Action. On March 23, 2000, Martinez filed this adversary proceeding. Count I alleged that the Stern, P.A., as a debt collector, violated 15 U.S.C. § 1692g by not conveying effective notice of the Plaintiff's rights as required under the FDCPA. Count II alleged that the Stern, P.A. violated § 1692f, claiming it was an abusive debt collection practice to file a foreclosure complaint without first advising Martinez that such a complaint was imminent. In a May 30, 2000 Order which granted in part Stern, P.A.'s Motion to Dismiss, the Bankruptcy Court dismissed the § 1692f claim, leaving only the § 1692g claim at issue in this appeal.

Upon these facts, each party moved for summary judgment. After extensive briefing and two oral arguments, the Bankruptcy Court ruled in favor of Martinez, issuing an extensive and well-reasoned opinion. After reviewing the record and the Memorandum Opinion, the Court finds that the Bankruptcy Court did not make any clearly erroneous factual determination when granting Martinez's motion for summary judgment, and that the record does not establish any material issue of fact as to whether Stern, P.A.'s FDCPA Notice effectively conveyed and explained to Martinez his FDCPA rights. Therefore, summary judgment is appropriate.

### Summary of Issues on Appeal

The central issue presented by this appeal is whether the Bankruptcy Court committed clear error in finding that the § 1692g debt validation notice sent by Stern, P.A. in its Initial Communication to Martinez, as a hypothetical "least sophisticated consumer," was so confusing as to be not effective. .

### Discussion

 Martinez' claim is brought pursuant to the FDCPA which was enacted to protect consumers from improper debt collection practices. See 15 U.S.C. § 1692. Section 1692 requires, among other things, that a debt collector provide the debtor with written notice containing various specified debt information and describing consumer rights. Of importance here is the requirement that the debt collector advise that unless the debtor disputes the validity of the debt within thirty days of the notice the debt collector will assume that the debt is valid, but that if debtor notifies the debt collector in writing within that period that debtor disputes the debt the debt collector will obtain verification of the debt and provide a copy of that verification to the debtor. § 1692g(a)(1)-(4). Section 1692 also provides that if the debtor timely disputes the debt or requests its verification, the debt collector shall cease collection of the debt until it mails the requested written verification to the debtor. § 1692g(b). These provisions of the FDCPA are applicable where, as here, the debt collector is not the creditor, but rather one hired to collect the debt of another and who likely does not have personal knowledge of the debt. A debt collector's violation of these provisions entitle the debtor to recover actual damages, statutory damages up to $1,000.00 per violation and reasonable attorneys fees. § 1692k (a). To comply with the FDCPA's notice requirements, the notice must actually and effectively convey to the consumer his right to dispute the debt. In determining whether the notice actually and effectively informs, most courts have applied the "least sophisticated consumer" standard. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir.1985); *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir.1997). The "least sophisticated consumer" standard is a court-created objective benchmark by which to measure the effectiveness of the debt validation notice. This

benchmark provides statutory protection for all consumers, "the gullible and the shrewd." However, it contemplates at least a minimal level of sophistication and reasonableness, excluding the "bizarre or idiosyncratic" interpretation of the notice. *Wilson v. Quadramed,* 225 F.3d 350, 354–5 (3rd Cir.2000). Thus, the mark is set rather low—whether the least, not the average, sophisticated consumer would understand her rights from reading the FDCPA Notice. Using this benchmark, the Court now turns to Stern, P.A.'s notice.

██ Here, Stern, P.A. contends that its FDCPA Notice meets the least sophisticated consumer standard because it literally sets forth the information required by § 1692g. However, as the Bankruptcy Court properly observed, that does not end the relevant inquiry. In determining whether Stern, P.A.'s notice meets the "least sophisticated consumer" standard, the Court must evaluate the notice as a whole and the context in which it was received, assuming that Martinez read with care all of the communication. *Bartlett v. Heibl,* 128 F.3d at 500; *Clomon v. Jackson,* 988 F.2d 1314, 1319 (2nd Cir. 1993). Stated another way, the required information must be conveyed in a non-confusing manner. *Bartlett v. Heibl,* 128 F.3d at 500. Accordingly, courts have found notices, while incorporating the requisite statutory information, to be ineffective where accompanying information makes the overall communication contradictory or "overshadowing." *See Id.*

█ The Court concludes that the Bankruptcy Court's finding Stern, P.A.'s debt validation notice not to be in compliance with § 1692g was not clearly erroneous. This is because, as the Bankruptcy Court properly noted, the validation notice was inserted as page 8 of the sixteen page foreclosure suit package served on Martinez. Given the emphasis on the poten-

tially dire consequences of the foreclosure suit, especially the consequences for failure to respond to the suit within thirty days, Martinez, as a least sophisticated consumer, would have likely been mislead, confused and uncertain as to his FDCPA rights. There is a seeming inconsistency between the emphatically stated threat of a default for not timely responding to the foreclosure complaint, and Martinez's FDCPA rights. This inconsistency leads this Court to conclude, as did the Bankruptcy Court, that Martinez would likely ignore or fail to fairly appreciate his right to dispute his debt within the statutory period, which would require Stern, P.A. to cease prosecuting the foreclosure. This is because the first page of the foreclosure suit package, the summons, boldly and unequivocally required Martinez's response to the suit or face the consequences of a default judgment. The notice, found at page 702, tells Martinez that he has the right to dispute the debt claimed and to seek verification of it. However, there is no attempt to explain or reconcile the two seemingly contradictory responses or to explain that if he disputes the debt, Stern, P.A. must cease all efforts to collect the debt, including seeking a default in the foreclosure suit for Martinez's failure to respond within thirty days. As a consequence, the hypothetical least sophisticated consume would likely respond to the foreclosure complaint within the prescribed thirty days, ignoring his FDCPA rights, as the language in the summonses and foreclosure complaint overshadows the message required to be effectively conveyed by the FDCPA Notice.

Stern, P.A. suggests that, because it used the precise language approved by the Florida Supreme Court in its summons, it cannot be liable for including that language in the foreclosure suit package. The Court agrees with the Bankruptcy

Court that focusing on the state approved summons language misses the point. It is the prominent positioning of that language over the subsequent federally mandated debt validation disclosure which creates the real potential of confusion for one not versed in the intricacies of the foreclosure litigation. Under the circumstances here, an appropriate explanation such as the one suggested by the Bankruptcy Court, easily inserted in the foreclosure package, would have eliminated the potential for a least sophisticated consumer's confusion, as well as the potential for Stern, P.A. to incur the statutorily imposed consequences for a violation of § 1592g.

It appears that Stern, P.A., having § 1692g(a)(b) in mind, extended the return date for responding to the foreclosure complaint to coincide with the thirty days provided by § 1692g(a)(b) and, thereby gave Martinez the benefit of additional time to dispute his debt pursuant to § 1629g before responding to the foreclosure suit. While this extension may have been motivated by the best of intentions, it merely exacerbated the potential for confusing and misleading a least sophisticated consumer.

Finally, Stern, P.A. claims that the summary judgment must be set aside because the Bankruptcy Court misinterpreted the FDCPA by stating that the period in which a defendant-debtor must respond to a complaint is "statutorily extended" when the debtor requests validation of the debt because the debt collector must then cease all collection activities. Whether the Bankruptcy Court is correct is not relevant to the sole issue on appeal and, therefore, need not be addressed. As the Bankruptcy Court noted, even if it were "incorrect in stating ... 'as a matter of law, [the time to answer] is statutorily extended if there is a request for the validation of his debt', the [Bankruptcy] Court's conclusion is unaffected. The notice provided by the Defendant ... was not effective." *In re Martinez*, 266 B.R. 523, 540 (Bankr.S.D.Fla.2001).

### Conclusion

The Bankruptcy Court properly found that Stern, P.A. did not meet its high burden imposed by the notice requirements of the FDCPA. Accordingly, it is

ORDERED that the Final Judgment entered in the Bankruptcy Court Adversary No. 00–1118 is AFFIRMED. The Clerk of the Court is directed to enter judgment in accordance herewith, and to mark this case CLOSED and DENY all pending motions as MOOT.