**In re Victor VEROLA, Debtor.**

**Victor Vito Verola, Plaintiff, Appellee,**

**v.**

**Bruce H. Colton, in his capacity as State Attorney for the Nineteenth Judicial Circuit of Florida, Defendant/Appellant.**

**No. 03–14217–CIV.**

United States District Court, S.D. Florida.

Aug. 16, 2004.

David Lloyd Merrill, Stuart, FL, for Debtor/Appellee.

Marshall Levering Evans, Assistant State Attorney, Fort Pierce, FL, for Appellant.

Kenneth Eric Trent, Bay Harbor Island, FL, for Amicus Curiae Martin Krag and Britta Krag.

### ORDER REVERSING ORDER OF BANKRUPTCY COURT

MIDDLEBROOKS, J.

THIS CAUSE comes before the Court upon an appeal by Bruce H. Colton in his capacity as State Attorney for the Nineteenth Judicial Circuit of Florida of the Bankruptcy Court's Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment entered on July 9, 2003. On July 17, 2003, appellant filed a timely notice of appeal. The appellant filed his initial brief on October 1, 2003. Upon Court Order, Appellant re-filed a version of his initial brief on December 1, 2003.

The Amicus Curiae Brief of Martin and Britta Krag in Support of the Position of Appellant, Bruce H. Colton was filed October 8, 2003. The Court has reviewed the submissions of the parties and amicus curiae, the record on appeal, and is otherwise fully advised in the premises.

## Introduction

The issue under examination in this bankruptcy appeal is whether restitution orders entered by state criminal courts may be discharged in Chapter 7 bankruptcy proceedings or whether they are exempt from discharge under 11 U.S.C. § 523(a)(7).

## Standard of Review

■■■■ This Court has jurisdiction over appeals of Bankruptcy Court decisions pursuant to 28 U.S.C. § 1589(a). "District courts function as an appellate court in reviewing Bankruptcy Courts' decisions." *In re Martinez*, 271 B.R. 696, 698 (S.D.Fla. 2001). In fulfilling this appellate capacity, the district court's review is constrained by certain well-defined parameters, *viz.*, "[t]he factual findings of the bankruptcy court cannot be set aside unless they are clearly erroneous," although conclusions of law made by the Bankruptcy Court are subject to plenary, or *de novo*, review. *In re Calvert*, 907 F.2d 1069, 1071 (11th Cir. 1990). *"De Novo* review requires the Court to make a judgment 'independent of the bankruptcy court's, without deference to that court's analysis and conclusions.'" *Colwell v. Royal Int'l Trading Corp.*, 226 B.R. 714, 717 (S.D.Fla.1998) (quoting *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1210 (7th Cir.1984)). Where an issue raises a mixed question of fact and law, the Court similarly reviews the Bankruptcy Court's determination de novo. *See id. n. 2; In re Marks*, 131 B.R. 220, 222 (S.D.Fla.1991) aff'd, 976 F.2d 743 (11th Cir.1992). In this case, the facts are undisputed. The issues presented in this appeal concern the proper application of legal principles to those facts. Accordingly, the proper standard of review is de novo.

## Background

The facts germane to this appeal, taken from the uncontroverted submissions of the parties, are as follows. Between November 15, 1994 and January 23, 1998, the Debtor committed the crime of Fraudulent Transactions when he obtained over $50,000 from 81 investors by making an untrue statement of material fact or omitting to state a material fact in connection with rendering investment advice or conducting the offer, sale, or purchase of an investment or security. On March 23, 2001, Verola was charged, by state court information, with Fraudulent Transactions. Verola pled nolo contendere to the charge. On November 21, 2001, the Nineteenth Judicial Circuit Court in and for Saint Lucie County, Florida adjudicated Verola guilty of Fraudulent Transactions pursuant to Fla. Sat. § 517.301(1)(a). He was sentenced to thirty-four months in prison. On December 6, 2001, Debtor stipulated to and was ordered to pay $2,538,557.05 in restitution as a condition of ten years probation. See Judgment and Restitution Order in State of Florida vs. Victor Vito Verola, case no. 01–771CFA, 19th Judicial Circuit, State of Florida. Restitution was ordered for each victim in the amount that said victim was defrauded. The restitution order required Verola to fulfill his obligations in the following manner: "Total monetary restitution is to be paid through the Department of Corrections, with an additional 4% fee for handling, processing, and forwarding said restitution to the victim(s), in the manner specified in the order of probation." See Restitution Order.

On October 17, 2002, an adversary proceeding was commenced with the filing of

the Debtor's Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(7). The Complaint was filed against Bruce Colton, as State Attorney for the 19th Judicial Circuit of Florida. On January 15, 2003, the Debtor filed his Motion for Summary Judgment. Creditor filed a Motion for Summary Judgment on April 3, 2003. Both the Debtor and Creditor agreed that there were no genuine issues of material fact. On July 9, 2003, the Bankruptcy Court granted the Debtor's Motion for Summary Judgment and Denied Creditor's.

In the Bankruptcy Court's Order, United States Bankruptcy Judge Steven H. Friedman found Debtor's restitution obligation dischargeable. Judge Friedman found that because the language in the restitution order made it clear that the money was to be forwarded to the victims, the second requirement to establish that a debt is discharged under 11 U.S.C. § 523(a)(7) that the debt be "payable to and for the benefit of a governmental unit," was not met. This appeal timely followed.

### Discussion

■■■ Section 523(a)(7) excepts from discharge a debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7). In order to except a debt from discharge under Section 523(a)(7), the creditor must show that the debt is created by a "(1) fine, penalty, or forfeiture (2) payable to and for the benefit of a governmental unit [that] (3)[is] not compensation for actual pecuniary loss, other than a tax penalty." *In re Rashid,* 210 F.3d 201, 206 (3rd Cir. 2000); *In re Towers,* 162 F.3d 952, 954–955 (7th Cir.1998).

In *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), the Su-

preme Court examined whether a restitution order constitutes a fine, penalty, or forfeiture within the meaning of § 523(a)(7). In *Kelly,* the debtor pled guilty in Connecticut state court to a larceny charge based on her wrongful receipt of welfare benefits from the Connecticut Department of Income Maintenance. *Id.* at 38, 107 S.Ct. 353. As a condition of her probation sentence, the state court ordered the debtor to make restitution to the State of Connecticut Office of Adult Probation. *Id.* at 39, 107 S.Ct. 353. The debtor subsequently filed a Chapter 7 petition and sought to discharge the restitution obligation. The Court found that although "[u]nlike traditional fines, restitution is forwarded to the victim, and may be calculated by reference to the amount of harm the offender has caused ... neither of the qualifying clauses of § 523(a)(7) allows the discharge of a criminal judgment that takes the form of restitution." *Kelly,* 479 U.S. at 51–52, 107 S.Ct. 353. The Supreme Court explained that because "criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude the restitution orders imposed in such proceedings operate 'for the benefit of the State' " and not for the compensation of the victim. *Id.* at 53, 107 S.Ct. 353. It held that the penal and rehabilitative interests of the state were sufficient to "place restitution orders within the meaning of § 523(a)(7)." *Id.*

In *Kelly,* the Supreme Court clearly held that " § 523(a)(7) preserves from discharge any condition a state criminal court imposes as a part of a criminal sentence." *Id.* at 50, 107 S.Ct. 353. It pointed out that it has repeatedly emphasized its policy against federal interference with state criminal prosecution and accordingly that federal bankruptcy courts should not interfere with the States' rights to formulate

and enforce penal sanctions. *Id.* at 47, 107 S.Ct. 353.

In the Bankruptcy Court's Order of July 9, 2003, the Bankruptcy Court stated that in the instant case, "Debtor's restitution order was a fine and was not for the compensation of his victims' actual pecuniary loss, thereby satisfying the first and third requirements under § 523(a)(7)." (Bankruptcy Court's Order at 6–7). The Bankruptcy Court, however, found that because unlike in *Kelly,* the restitution would not be kept by a governmental unit, the restitution in this case is not "payable to and for the benefit of a governmental unit." In support of its decision to distinguish *Kelly,* the Bankruptcy Court relied on *In re Rashid,* 210 F.3d 201 (3rd Cir. 2000) and *In re Towers,* 162 F.3d 952 (7th Cir.1998). Both cases were decided after *Kelly.* The Courts in both cases distinguished their cases from Kelly by way of the fact that unlike in Kelly, in their cases, the governmental unit did not actually keep the restitution at issue. *Rashid* concerned a federal criminal restitution order and *Towers* concerned a civil restitution obligation.

The Court disagrees with the Bankruptcy Court's interpretation of the law surrounding the dischargeability of state criminal restitution orders. Although in *Kelly,* the governmental unit kept the restitution, this was not the basis of the Supreme Court's decision. The Supreme Court argued that the restitution was "payable to and for the benefit of a governmental unit," because restitution orders, although "forwarded to the victim," operate for the benefit of the State. *Kelly,* 479 U.S. at 52–53, 107 S.Ct. 353.

Additionally, the opinions of the Third Circuit and Seventh Circuit are distinguishable from both *Kelly* and the instant case. This case, like *Kelly* involves state criminal restitution. As stated by the Third Circuit, "*Towers* concerns a civil rather than criminal order of restitution. Federal criminal restitution orders and civil restitution orders share one important distinction from *Kelly*—neither implicates the federal court's longstanding 'reluctance to interpret federal bankruptcy statutes to remit state criminal judgments.'" *Rashid,* 210 F.3d at 208 fn. 3 (citing *Kelly,* 479 U.S. at 44, 107 S.Ct. 353). The United States Bankruptcy Appellate Panel of the Ninth Circuit has held that *Rashid* is not controlling when a case concerns a restitution order in a state criminal judgment. *In re Warfel,* 268 B.R. 205, 212 (9th Cir. BAP 2001)(holding restitution imposed as a condition of probation nondischargeable under § 523(a)(7) whether or not criminal proceedings had terminated and the order became a civil judgment). The *Rashid* and *Towers* cases, unlike this case, did not invoke the same issues of federalism precluding discharge found in *Kelly.* The Court therefore finds *Kelly,* not *Rashid* or *Towers,* controlling.

Verola makes an additional argument in favor of his position. Although this argument was not utilized by the Bankruptcy Court in its reasoning, the Court will address it briefly. Verola argues that after the *Kelly* decision, Congress revisited the issue of dischargeability and in choosing not to amend § 523(a)(7) to include the word restitution, indicated its legislative intent to make restitution dischargeable. In response to *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), which held restitution orders dischargeable in Chapter 13 cases, in 1994 the Bankruptcy Code was amended. Section 523(a)(13) now provides that "any payment of an order of restitution under Title 18, United States Code" is nondischargeable. Verola argues that because Congress specifically visited the issue of criminal restitution and did not amend § 523(a)(7), it shows legislative intent to make restitution orders dis-

552

chargeable. The Court disagrees. Congress' failure to amend § 523(a)(7) after the *Kelly* decision can also be read as an indication that it did not find that the Supreme Court's holding in Kelly violated legislative intent. "The action taken by Congress emphasized the continuing vitality of the fundamental policy expressed in *Kelly v. Robinson* against federal interference with state criminal prosecutors." *In re Perrin,* 233 B.R. 71, 76 (Bkrtcy.D.N.J. 1999). *See also In re Hardenberg,* 42 F.3d 986, 992 (6th Cir.1994).

### Conclusion

Consistent with the above discussion, it is hereby

ORDERED AND ADJUDGED that the Bankruptcy Court's Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment, filed July 9, 2003 is Reversed and Remanded for entry of a Judgment not inconsistent with this Order.

It is FURTHER ORDERED AND ADJUDGED that Case No. 03–14217–CIV–MIDDLEBROOKS shall be CLOSED.